### UEC EQUIPMENT COMPANY, Plaintiff,

v.

### UNITED STATES of America, Defendant.

### No. 271–87 T.

United States Claims Court.

Aug. 29, 1990.

Daniel L. Penner, Fort Worth, Tex., for plaintiff.

Elizabeth D. DePriest, Washington, D.C., for defendant.

## ORDER CONCERNING LIABILITY ISSUES

TURNER, Judge.

This is a tax refund case.

At all relevant times, plaintiff was in the business of manufacturing mobile equipment trucks principally by modifying and assembling truck chassis, parts, components, accessories, and specialized equipment purchased from or provided by others. More than 350 mobile equipment trucks are involved in this case. Plaintiff seeks refund of manufacturers excise tax paid pursuant to 26 U.S.C. § 4061(a) with respect to each of the units in issue by reason of the chassis and/or other parts and components on each vehicle.

### I

Trial was conducted on August 13, 14, and 15, 1990 in Oklahoma City, Oklahoma. The evidentiary phase was completed on August 15 and closing arguments were presented on that day. Findings of fact, conclusions of law and related reasoning announced in open court at the conclusion of the trial on August 15 (and which will be contained in a transcript) resolved the major liability issues.[1]

---

1. The Report of the Federal Courts Study Committee, dated April 2, 1990, in a chapter entitled

Based on plaintiff's theory of the case as set forth in its Appendix G filings and applicable law, plaintiff had the burden of proving by a preponderance of the evidence both (1) that the units with respect to which it sought excise tax refunds were not "highway vehicles" but rather were mobile machinery units as defined in 26 CFR § 48.4061(a)–1(d)(2) and (2) that it did not include the excise tax in the price of the relevant units which it sold.

## II

Plaintiff did not present its case on a unit-by-unit basis but instead chose an "en masse" approach, establishing through testimony and exhibits that various chassis modifications were made to one or more units and the percentage of relevant units which probably received one or more modifications. For example, plaintiff established, *inter alia,* that 90–95% of the units which it manufactured at relevant times had subframes, that 65–70% had outriggers, and that less than 30% had winches.

With respect to the "highway vehicle" issue, it was determined at trial that a unit was not a highway vehicle within the meaning of 26 CFR § 48.4061(a)–1(d)(2) if it had outriggers and a subframe, a winch and a subframe or outriggers and a winch. This finding was not intended to exclude other possible combinations of chassis modifications; rather, it was based on the assumption that all relevant units probably contained, as a minimum, one such combination of chassis modifications.

## III

With respect to the economic burden issue, it was determined at the conclusion of the trial on August 15 that plaintiff had *not* established by a preponderance of the evidence that it "has not included the tax in the price of the article ... with respect to which it was imposed." 26 U.S.C. § 6416(a)(1)(A).[2]

Undaunted, plaintiff takes the position that even if it has failed to establish that it "has not included the tax in the price of the article ... with respect to which it was imposed," it may still recover the amount of excise tax mistakenly paid or unlawfully collected if it is the "ultimate purchaser" of the chassis, parts and components which it assembled and sold as integrated units. It takes this position even with respect to parts which it fabricated (rather than purchased) and incorporated in completed units. *See* Plaintiff's Memorandum of Contentions of Fact and Law, filed August 6, 1990, at 14–15.

Plaintiff's argument is based on the definition of "ultimate purchaser" set forth in 26 CFR § 48.6416(a)–3(a)(3)(1) which provides:

> The term "ultimate purchaser", as used in paragraph (a)(2) of this section, means the person who purchased the article for consumption, or *for use in the manufacture of other articles and not for resale in the form in which purchased.* [Emphasis added.]

Plaintiff apparently concludes that if it can be classified as the "ultimate purchaser" of the chassis and other components on

"Reducing Litigation's Complexity and Expediting Its Flow," concluded, at 102, that federal trial judges "should take greater advantage of their authority to use oral findings of fact and conclusions of law in bench trials."

The Committee noted that court rules currently authorize federal trial judges "to state their findings of fact and conclusions of law orally and have them 'recorded in open court following the close of the evidence,'" but that despite this clear authority for prompt dispositive rulings from the bench, "too often nonjury cases remain undecided for considerable lengths of time after the end of court hearings." *Id.* The report stated:

> The committee urges district judges to make greater use of this authority.... Oral find-

ings and conclusions after the close of the evidence can speed decision-making because the facts and issues are fresh in the judge's mind. Dialogue with counsel on the spot may sharpen the facts and issues when necessary. *Id.* The Committee's recommendation applies with equal force to judges of the United States Claims Court.

2. Plaintiff's theory was that it had borne the economic burden of the tax and had not passed the tax along to its customers through its pricing mechanism. Thus, plaintiff made no claim (which would be inconsistent with its theory) that it had refunded the tax to purchasers of the relevant units.

which it paid excise tax, then it is somehow relieved of the burden to prove that it did not pass the tax along to the purchasers of its trucks. As will be demonstrated, plaintiff misapplies the definition.

Plaintiff clearly feels that it is the "ultimate purchaser" of the chassis and other components which it purchased from other manufacturers and strongly asserts that it meets the quoted definition of ultimate purchaser in that regard. However, even if it be assumed that, with respect to the original manufacturers of vehicle components (e.g., chassis), plaintiff matches the definition of "ultimate purchaser" ("person who purchased the article ... for use in the manufacture of other articles and not for resale in the form in which purchased"), the assumption is irrelevant to plaintiff's position in this litigation. This case does not involve a refund claim by an original manufacturer with respect to whom plaintiff may well be an "ultimate purchaser" (and hence one whose written consent to suit by the original manufacturer would suffice under 26 U.S.C. § 6416(a)(1) and 26 CFR § 48.6416(a)–3 or to whom the tax might be refunded so that the original manufacturer could make the refund claim). Plaintiff's position in this case is *not* that of a purchaser (ultimate or otherwise) from a manufacturer in a sale resulting in a tax payment by the manufacturer. Rather, the position of plaintiff in this litigation is that of a manufacturer who paid the excise tax as the result of a sale to a purchaser.

Plaintiff's status in this litigation, indeed the status which gives it standing to prosecute a tax refund suit in this court, is that it is "the person who paid the tax" and not a purchaser, ultimate or otherwise, from such person.

■ A reasonable construction of 26 U.S.C. § 6416(a) and 26 CFR § 48:6416(a)–3(a) compels the conclusion that a single entity cannot be both "the person who paid the tax" and the "ultimate purchaser." The clear and obvious intent of the drafters of the statute and the regulation, divined from the four corners of the respective documents, was that the "ultimate purchaser" was in the chain of actual purchasers from "the person who paid the tax" (by reason of his status as manufacturer, producer or importer) and could not be the same as the "person who paid the tax." One does not create a taxable event in this context by "selling" to himself. To give rise to liability for the manufacturers excise tax imposed by 26 U.S.C. § 4061(a), the manufacturer, producer or importer must sell to a different entity who may be an interim or the ultimate purchaser but not the same entity as the manufacturer, producer or importer.[3]

■ It is concluded that plaintiff is not and cannot be the "ultimate purchaser" of the items, sale of which gave rise to the returns and assessments and tax payments involved in this litigation.

■ It is further concluded that even if plaintiff could establish that it was the "ultimate purchaser" of the taxable components of the units it sold to others, the finding would be of dubious significance since, even if it was such "ultimate purchaser" within the meaning of the cited statute and regulation, such status would not relieve it of the duty to show, as a prerequisite to a tax refund, that it had itself borne the economic burden of the tax. *See Strick Corp. v. United States*, 223 Ct.Cl. 262, 625 F.2d 1001, 1006 (1980); *Worthington Pump & Mach. Corp. v. United States*, 129 Ct.Cl. 87, 91–92, 122 F.Supp. 843, 846 (1954); *Tenneco, Inc. v. United States*, 17 Cl.Ct. 345, 349 (1989), *aff'd*, 899 F.2d 1227 (Fed.Cir.1990) (26 U.S.C.

---

**3.** Conceptually, there may be two manufacturers of components of a completed vehicle, each potentially liable for excise taxes on the components which it made (e.g., an initial manufacturer with liability for the excise tax on the chassis and a subsequent re-manufacturer with potential liability for excise tax on other parts), but neither could be, with respect to a particular item, both a manufacturer who paid the tax and an ultimate purchaser within the meaning of the cited statute and regulation.

§ 6416(a) "prevents unjust enrichment of manufacturers who have shifted the burden of the tax to their customers.... § 6416 does not protect the public fisc, but the fairness of the refund process"). As was announced from the bench on August 15, 1990, plaintiff failed to carry this burden.

## IV

Defendant's Memorandum of Contentions of Fact and Law filed on August 6, 1990, in note 17 on page 19, states: "Defendant agrees that plaintiff bore the economic burden of the additional excise taxes of $7,809 that plaintiff paid on bodies and parts of vehicles sold in 1982 which were assessed, after audit, in 1984." Further, defendant's memorandum of contentions, on pages 30–31 (in numbered paragraph 6) proposed the following:

> [I]f plaintiff prevails at trial as to one or more vehicles, we would ask that the Court determine the question of liability only and, if necessary, thereafter permit the parties a reasonable period of time within which to perform and agree upon any necessary recomputation of tax liability and interest due (on the basis of the evidence in the trial record), with a view to the parties submitting an agreed stipulation for the entry of a money judgment.

At trial, plaintiff concurred with this approach.

Based on the foregoing, it is requested that the parties confer concerning the precise computation of damages to which plaintiff is entitled in light of liability rulings which have been made and to file a joint status report not later than Monday, September 24, 1990 concerning damages to which plaintiff may be entitled and further concerning any other items which either party believes should be brought to the court's attention.

The parties are encouraged to resolve any potential issue concerning identity of units which defendant concedes were not affected by the "economic burden" issue and whether those units are covered by the "non-highway vehicle" ruling made from the bench on August 15.