**WALSH OIL COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 90–848 T.

United States Claims Court.

June 25, 1992.*

Edwin C. Anderson, Jr., Santa Rosa, Cal., for plaintiff.

Stuart J. Bassin, U.S. Dept. of Justice, Washington, D.C., for defendant.

### OPINION

ROBERT H. HODGES, Jr., Judge.

Plaintiff sues to recover federal excise taxes erroneously or illegally collected, and to recover money under an implied-in-fact contract. Defendant moves for summary judgment based on the applicable statutory provisions and plaintiff's failure to comply with those provisions. Plaintiff cross-moves for summary judgment and argues that factual issues preclude summary judgment in favor of defendant. We find that plaintiff has no standing to bring suit against defendant for overpayment of tax.

---

* This Opinion was filed unpublished on June 25, 1992. Thereafter, defendant filed a Request for Publication pursuant to RUSCC 52.1. We grant this motion, and reissue the Opinion for publication this date, July 29, 1992.

## FACTS

The Internal Revenue Code imposed a tax effective April 1, 1988 on the sale of any taxable fuel by a producer or importer of taxable fuel. I.R.C. § 4091 (1988). Exemptions to the tax apply for sales between two entities that qualify as producers and for sales by a producer to a purchaser who would use the fuel for tax-exempt purposes. I.R.C. § 4093 (1988). To qualify as a producer an entity must register with the Internal Revenue Service (IRS). I.R.C. §§ 4092, 4101 (1988). The IRS published rules and procedures for compliance with the new statutes in the Internal Revenue Cumulative Bulletin. I.R.S. Notice 88–30, 1988–1 C.B. 497.

Walsh Oil, the middle link in an oil distribution chain, buys oil from various refiners and sells to ultimate purchasers. It completed and filed an application in April 1988 to qualify as a producer and to participate in tax-exempt sales. Apparently, communications between the IRS and plaintiff failed, because the IRS closed plaintiff's application file in September 1988. Plaintiff filed another application in August 1989. The IRS requested more information and conducted an on-site inspection, ultimately issuing a registration certificate to Walsh Oil on October 24, 1989.

From April 1988 through December 1989, however, refiners that sold oil to plaintiff were required to pay a tax on that oil because plaintiff was not registered as a producer with the IRS. During that period plaintiff paid refiners approximately $178,000 in costs attributable to this tax. Plaintiff did not pass these increased costs on to its customers, though some of them used the fuel for tax-exempt purposes.

Walsh argues that the tax was erroneously or illegally collected because it met statutory requirements, and that plaintiff merits a refund on equitable considerations under an implied-in-fact contract with defendant.

## DECISION

Plaintiff admitted during oral argument that the statutes impose a tax upon the original seller of the fuel. *See Gurley v. Rhoden,* 421 U.S. 200, 205, 95 S.Ct. 1605, 1609, 44 L.Ed.2d 110 (1975) (holding that the legal incidence of a federal excise tax on gasoline falls upon the statutory producer and not the purchaser of the gasoline). While it is not disputed that plaintiff lost money as a result of its inability to comply with the new tax code, its arguments for relief necessarily fail because plaintiff lacks standing to sue. Plaintiff did not pay any tax under the statutes.

Defendant neither erroneously nor illegally collected excise taxes under the statutes in question from plaintiff. In fact, defendant collected no taxes under the statutes from plaintiff at all. This same problem arose in the only similar case litigated to date. *M & M Fuel Co. v. United States,* No. 90–1136–K, 1991 WL 12875, 1991 U.S. Dist. LEXIS 1373 (D.Kan. Jan. 29, 1991). The court in *M & M Fuel* decided the case on other grounds, but it noted the standing problems plaintiff had in asserting a claim for refund for amounts collected as taxes by its suppliers. *Id.,* 1991 WL 12875 at *3, 1991 U.S.Dist. LEXIS 1373 at *9.

This court has adhered to the notion that to maintain an action for the refund of taxes under the Internal Revenue Code, the plaintiff must be a taxpayer who has overpaid its own taxes. *Collins v. United States,* 532 F.2d 1344, 209 Ct.Cl. 413, 419 n. 2 (1976). *See also Economy Plumbing & Heating Co. v. United States,* 470 F.2d 585, 200 Ct.Cl. 31 (1972). Recently, this court stated that a plaintiff had standing to prosecute a tax refund claim because it had been "the person who paid the tax" and not a purchaser from such a person. *UEC Equipment Co. v. United States,* 21 Cl.Ct. 244, 247 (1990). Here, plaintiff was not the "person who paid the tax," but a purchaser from that person.

Plaintiff also seeks to recover under an implied-in-fact contract. For an implied-in-fact contract to exist, defendant must have wrongfully obtained or illegally received plaintiff's money. *See Kirkendall v. United States,* 31 F.Supp. 766, 90 Ct.Cl. 606, 613 (1940) (finding an implied-in-fact contract where plaintiffs were wrong-

fully deprived of their inheritance because some of it was used incorrectly to pay the estate's federal taxes). Defendant here collected taxes under the statutes in question from the refiners, not from Walsh. Plaintiff cannot assert that defendant obtained plaintiff's money, wrongfully or otherwise.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED. Plaintiff's cross-motion for summary judgment is DENIED. The Clerk will enter judgment dismissing the complaint. No costs.