§ 4.2 (1992) (incorporating *Va.Code Ann.* § 46.2–852 (1989 & Supp.1992)) is hereby AFFIRMED.

**BOWEN–MORRISON MARKETERS, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 92–0042–H.**

United States District Court, W.D. Virginia, Harrisonburg Division.

April 6, 1993.

Jeffrey G. Lenhart, Wharton, Aldhizer & Weaver, Harrisonburg, VA, for plaintiff.

Richard Lloret, Asst. U.S. Atty., Roanoke, VA, Gerald A. Role, U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

MICHAEL, District Judge.

This case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, by Standing Order dated June 30, 1992, for proposed findings of fact and a recommended disposition. The Magistrate filed his report on March 8, 1993. After a careful review of the entire record in this case, and no objection having been filed to the Magistrate Judge's Report within ten (10) days of its service upon the parties, this court adopts the Magistrate Judge's report in its entirety. Accordingly, it is this day

## ADJUDGED AND ORDERED

as follows:

1. The Report and Recommendation of the United States Magistrate Judge, filed March 8, 1993, shall be, and it hereby is, adopted in its entirety.

2. For the reasons stated in the Magistrate Judge's Report the defendant's Motion to Dismiss, shall be, and it hereby is, granted.

3. The plaintiff's Motion for Summary Judgment is overruled.

4. This case shall be, and it hereby is, dismissed and stricken from the docket of the court.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to Magistrate Judge Crigler.

## REPORT AND RECOMMENDATION

CRIGLER, United States Magistrate Judge.

## BACKGROUND

Bowen–Morrison Marketers, Inc. has filed this action seeking a refund of certain excise taxes on fuel oil, claiming it was exempt from levy under 26 U.S.C. § 4091 *et seq.* Jurisdiction is founded upon 28 U.S.C. § 1346(a)(1), and the case is before this court under authority of 28 U.S.C. § 636(a) and (b) both to manage pretrial and to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of any determinative pretrial motions.

Plaintiff's original administrative claim sought a refund of excise taxes for five taxable quarters both on diesel fuel and fuel that eventually was delivered for home heating. The Internal Revenue Service (Service) denied $104,583.58 of plaintiff's claim which related to home heating fuel on the ground that plaintiff was not exempt because it did not register at the time the fuel was acquired from the producer.[1]

The United States has moved to dismiss on the ground that there is no basis in law upon which plaintiff could recover a refund. Specifically, the government asserts that plaintiff has failed to register as required by the Secretary. Thus, once the tax was imposed and remitted at the producer level, plaintiff cannot now claim a refund.

Plaintiff has moved for summary judgment on the grounds that registration was not intended to be a prerequisite to entitlement for the exemption, as it is not required by statute. Accordingly, plaintiff claims that the Secretary's reliance upon Notice 88–30 to deny the claim for refund was an improper use of a revenue procedure, which procedure plaintiff believes the Secretary also has applied inconsistently to refuse the claims for refund in this case. Plaintiff suggests, in essence, that the Secretary is making law, not applying it, and that this process

1. Plaintiff conceded at oral argument that B.P Exploration, the producer and supplier to the plaintiff, collected and "remitted" the tax in question.

amounts to an elevation of form over substance because there is no dispute over the fact that the product actually was used for exempt purposes.

### ANALYSIS, FINDINGS AND CONCLUSIONS

This action sits at the collision point between law and equity. Plaintiff seeks an equitable application of statutory and regulatory law, and the United States stands on the letter of the law in effect during the relevant period. Both positions have their merits, but only one can prevail.

The first hurdle to cross is whether plaintiff properly is before this court, i.e. whether it has standing to bring this action. Plaintiff asserts that it does, resting on the stipulated fact that while the producer collected and remitted the tax, it paid the tax to the producer in the price per gallon of the subject fuel. The producer, according to the plaintiff, was nothing more than a collection agent of the IRS, and it is agreed that the producer has not attempted to collect a refund of the tax it remitted.

The government counters that argument in two ways. First, it asserts that plaintiff never, in fact, paid the tax, and therefore it cannot recover a refund for taxes never paid. Second, it relies on the version of 26 U.S.C. § 4101(a) which was in effect during the relevant period providing,

> Every person subject to tax under section 4091 shall, before incurring any liability for tax under such section, register with the Secretary. (emphasis added)

In *Walsh Oil Co. v. United States*, 26 Cl.Ct. 426 (1992), the Court of Claims held that a plaintiff had no standing to sue for refund of excise taxes where the plaintiff had not paid the tax. The court further reasoned that under 26 U.S.C. § 4101(a), a party could pay the tax only if it was registered. It seems clear, therefore, that absent registration by an intermediate supplier under the statute in effect during the period in question, the burden of collecting and paying the excise tax fell on the registered producer. According to *Walsh*, therefore, an entity that could not pay the tax had no standing to seek refund for a tax that was not paid by it in the first instance. Despite that such rationale is equitably distasteful because it tends to elevate a technical formality over substance, it is legally sound, is consistent with the general rule that before a taxpayer may commence an action in federal court for refund the tax must be paid by the taxpayer-plaintiff, and in the view of the undersigned, should be adopted by the presiding District Court in the instant action as a correct interpretation of the law.[2]

There is little question that Congress intended an exemption from excise tax for fuel used for home heating. 26 U.S.C. § 4091. The United States, in argument before this court, in as much conceded that the Revenue Service would have the right to go behind any registration under 26 U.S.C. § 4101(a) to determine whether, in fact, the entity registered as a producer actually was delivering the fuel for home heating purposes. Plaintiff argued, in essence, that equity and fairness requires the court to apply the same "sauce to the goose as it does to the gander" so as to allow it to show its qualifications for the exemption even though it failed to register. The argument strikes a sympathetic chord with the court, but it is not persuasive under the circumstances presented. As alluded to above, the court would be required to ignore the letter of the law to achieve this result. To this extent, the law trumps equity.

Accordingly, it is

### RECOMMENDED

that an order enter granting the motion of the United States to dismiss this action and overruling plaintiff's motion for summary judgement.

The Clerk is directed to immediately transmit the record in this case to the Hon.

---

2. One experienced in the world of federal taxation quickly realizes that technical formalities often are critical to whether a party incurs or is exempt from taxation, and that consideration of such technicalities cannot be ignored in deciding these kinds of cases. This is true especially here where equities of the case, as explained below pull in one direction and the letter of the law in another.

270

James H. Michael, Jr., United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

Date: March 8, 1993.