**BODINE OIL INC., Plaintiff,**

v.

**UNITED STATES of America, COMMIS-SIONER OF INTERNAL REVE-NUE SERVICE, Defendant.**

**Civil Action No. 95–2955.**

United States District Court,
D. New Jersey.

April 19, 1996.

Dermot F. Kennedy, Dermot F. Kennedy & Associates, Quakertown, Pa., for Plaintiff.

Faith S. Hochberg, United States Attorney, Susan C. Cassell, Assistant United States Attorney, Camden, N.J., Gregory S. Hrebiniak, Trial Attorney, Tax Division, United States Department of Justice, Washington, D.C., for Defendant.

ORLOFSKY, District Judge:

Plaintiff, Bodine Oil, Inc. ("Bodine"), filed this action seeking a refund of certain excise taxes on diesel fuel allegedly paid to the supplier from which it purchased the fuel. This fuel was later resold by Bodine as home heating oil, which is a nontaxable use.[1] The

---

1. The provision in effect at the relevant time, I.R.C. § 4093(a) (1988), stated: "The tax imposed by section 4091 shall not apply in the case of sales of any taxable fuel which the Secretary

United States has moved for summary judgment, contending that Bodine is not entitled to a refund of these taxes because, under the relevant statute, only the "ultimate purchaser" of the fuel, which it argues is the homeowner, may seek such a refund.

## I. Facts and Procedural History

Bodine is in the business of supplying home heating oil to consumers. During the relevant time period,[2] Bodine contends that it never sold any of the diesel fuel which it bought and paid tax on, except as tax-exempt home heating oil. Complaint ¶ 8. The government, at least for purposes of summary judgment, does not contest Bodine's claim. Nevertheless, the government argues that Bodine is not entitled to any refund of the excise taxes paid.

Changes in the taxation of diesel fuel, which went into effect on April 1, 1988, made the producer, rather than the retailer, responsible for the collection of the diesel fuel excise tax.[3] Retailers such as Bodine could no longer purchase diesel fuel from the refinery free of tax. However, if the retailer and the producer of the diesel fuel met certain registration requirements to be specified by the Secretary of the Treasury,[4] and the fuel was ultimately to be used for a nontaxable purpose, such as home heating oil, then an exception was allowed, and the producer was not required to collect the tax. The regulations in effect during the relevant time period required the producer to collect the excise tax, unless the retailer had secured a "Form 637" certificate of exemption from the IRS.

On May 25, 1988, Bodine applied for a "Form 637" certificate from the Internal Revenue Service ("IRS"), which was issued on September 26, 1988. Memorandum in Support of Motion for Summary Judgment ("USA's Memo") at 1.

Sometime in mid–1990, the IRS sent follow-up questionnaires to certificate holders, including Bodine, which Bodine claims never to have received. Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment ("Bodine's Brief") at 2. These questionnaires requested information relevant to the plaintiff's continued compliance with "Form 637" requirements. USA's Memo at 1. When it did not receive the requested information, the IRS revoked Bodine's "Form 637" certificate on June 25, 1991. Bodine reapplied for a certificate on October 10, 1991, and its application was denied, allegedly because certain necessary information was still lacking. Id.

At an unspecified time between the Fall of 1991 and November, 1992, the IRS conducted an audit of Bodine which revealed that Bodine had failed to file certain income and employment tax returns. Bodine's Brief at 2. As a result of this discovery, the plaintiff's "renewed" application for a "Form 637" certificate, made on November 6, 1992, was again denied by the IRS. USA's Memo at 1. According to the United States, it is the policy of the IRS to deny certificates to entities who are delinquent in filing any federal tax forms, or in paying any federal taxes. Id. On January 19, 1993, the IRS District Director upheld the denial of the certificate to Bodine Oil. Id. at 2.

Bodine subsequently filed its delinquent tax returns and, reapplied for a "Form 637" certificate, which was once again granted, effective with the first calendar quarter of 1994. During the twenty-eight month period in which Bodine was without a valid "Form 637" certificate, it claims to have paid its

---

determines is destined for use as heating oil." As recognized in plaintiff's Brief, the scheme of taxation of diesel in effect during the time period relevant to this suit was designed to enforce the excise tax on a product which had both a taxable and a non-taxable use. This scheme has been overhauled, and now relies on "dyes" which differentiate diesel fuel and home heating oil. Bodine's Brief at 3.

**2.** Bodine seeks refunds for diesel purchased beginning in the second quarter of 1991 and extending through the fourth quarter of 1993.

**3.** Section 4091, as in effect at the relevant time, imposed the excise tax "on the sale of any taxable fuel by the producer." See I.R.C. § 4091(a) (1988).

**4.** I.R.C. § 4093(c)(3) (1988) required registration under I.R.C. § 4101(a) (1988). The Secretary was authorized to revoke or suspend any registration when, in his discretion, it was "necessary to protect the revenue." I.R.C. § 4222(c)(2) (1988).

suppliers an extra 20.5 cents per gallon of diesel fuel on all its purchases, representing excise taxes. Bodine's Brief at 2.

Bodine filed several administrative claims for refunds, the first of which was denied on April 20, 1995. Subsequent claims for refunds remained unanswered more than six months after Bodine had filed those claims. Complaint at 3. On June 19, 1995, Bodine filed its complaint in this Court. *Id.* On March 25, 1996, the United States moved for summary judgment in its favor and against Bodine.

## II. Standard for Summary Judgment

■ A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that [he] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also Hersh v. Allen Products, Co.,* 789 F.2d 230, 232 (3d Cir. 1986); *Lang v. New York Life Ins. Co.,* 721 F.2d 118, 119 (3d Cir.1983). The district court must grant summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Orson, Inc. v. Miramax Film Corp.,* 79 F.3d 1358 (3d Cir.1996). In deciding whether there is a disputed issue of material fact the Court must draw all inferences from the underlying facts in favor of the non-moving party. *See Hancock Indus. v. Schaeffer,* 811 F.2d 225, 231 (3d Cir.1987) (citation omitted); *Pollock v. American Telephone & Telegraph Long Lines,* 794 F.2d 860, 864 (3d Cir.1986).

■ Once the moving party has properly supported its motion, "its opponent must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Nonetheless, the moving party on the motion bears the ultimate burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

The parties in this case are in agreement with the factual statement outlined above. Thus, the question presented on the government's motion is a question of law and is ripe for summary judgment.

## III. Analysis

■ Bodine alleges that, over the relevant period, it paid to the IRS, through its suppliers, more than $100,000.00 in excise taxes. Complaint at 3. Bodine argues that it was not able to pass these taxes on to its customers, primarily because any attempt to do so would have placed Bodine at an enormous competitive disadvantage in the marketplace, which would have resulted in the loss of customers. Therefore, Bodine argues, since it paid the excise tax, it should be allowed to recoup the tax through this refund action, especially since the ultimate consumer of the home heating oil, its customers, never paid the tax.

Bodine argues that if it is not entitled to a refund because it is not the "ultimate purchaser," and the "ultimate purchasers" of its home heating oil have no refund to seek because they did not pay the tax, then no one can obtain a refund of these taxes, and the IRS will, in effect, have been permitted to collect taxes on otherwise tax-exempt home heating oil.

The government points to the language of Section 6427(1) which provides that:

[I]f (A) any diesel fuel on which tax has been imposed by section 4041 or 4081, or ... by section 4091, is used by any person in a nontaxable use, the Secretary shall pay (without interest) to the ultimate purchaser of such fuel an amount equal to the aggregate amount of tax imposed on such fuel under section 4041, 4081, or 4091, as the case may be.

26 U.S.C. § 6427(1)(1).

The Fifth Circuit Court of Appeals, apparently the only Circuit Court of Appeals to have interpreted this statutory provision, has adopted a "plain meaning" construction of the term "ultimate purchaser." In *Valley Ice & Fuel Co. v. United States,* 30 F.3d 635 (5th Cir.1994), the court considered whether a retailer of marine diesel fuel could seek a refund for excise taxes it paid, but did not pass on to its customers. The court held that the "plain meaning" of the term "ulti-

mate purchaser" is "the purchaser in the stream of commerce who is intended to use the product himself—*as opposed to a middleman who intended to resell the product.*" *Id.* at 638 (emphasis added).

Similarly, at least two district courts have concluded that only the consumer of the home heating oil can qualify as an "ultimate purchaser" under the Act. *See Garner v. United States,* Civ.A. No. 91–2872, 1992 WL 201011 (E.D.Pa. Aug. 10, 1992); *M & M Fuel Co. v. United States,* No. 90–1136–K, 1991 WL 12875 (D.Kan. Jan. 29, 1991). Bodine has pointed to no case which holds to the contrary.

Bodine contends that it is unfair to expect a retailer of home heating oil to pass this tax on to its customers. *See Valley Ice & Fuel,* 30 F.3d at 639 (retailer "could recoup the cost of the tax by grossing-up the sales price it charged"); *M & M Fuel,* 1991 WL 12875 at *4 (retailer "could have avoided paying the questioned tax, even without having properly registered, by simply passing the tax on to its buyers"). While this Court is sympathetic to the demands placed upon Bodine by a competitive marketplace, Bodine's argument is unpersuasive in light of the plain meaning of the statute. Because Bodine was not the "ultimate purchaser" of the home heating oil in question, there is no statutory basis to support its suit for a refund.[5] Absent a statutory basis for Bodine's demand for a refund of the excise taxes collected by its suppliers, the United States is entitled to judgment as a matter of law.

### IV. Conclusion

For the reasons set forth above, the motion of the defendant, the United States of America, for summary judgment will be granted. The court will enter an appropriate order.

### ORDER

This matter having come before the Court on April 19, 1996, on the motion of defendant,

the United States of America, Commissioner of Internal Revenue Service, for Summary Judgment, Dermot F. Kennedy, Esq., of Dermot F. Kennedy & Associates, appearing on behalf of the plaintiff, Bodine Oil, Inc., and Susan C. Cassell, Esq., Assistant United States Attorney, and Gregory S. Hrebiniak, Esq., of the United States Department of Justice, Tax Division, appearing for defendant, the United States of America, Commissioner of Internal Revenue Service; and,

The Court having considered the complaint, the answer, and the briefs filed in support of and in opposition to this motion, for the reasons set forth in this Court's OPINION filed concurrently with this ORDER;

It is on this 19th day of April, 1996, ORDERED that

Defendants' motion for summary judgment is GRANTED.

---

5. *Cf. Walsh Oil Co. v. United States,* 26 Cl.Ct. 426, 427 (1992) (reaching a similar result on alternative grounds, holding that to maintain an action for the refund of taxes under the Internal Revenue Code, the plaintiff must be a taxpayer

who has overpaid its own taxes, and that, since the legal incidence of the federal excise tax on fuel falls upon the producer, a middleman lacks standing to sue for a refund).