GURLEY, DBA GURLEY OIL CO. *v.* RHODEN,
CHAIRMAN, TAX COMMISSION OF
MISSISSIPPI

No. 73–1734.  Argued March 18, 1975—Decided May 12, 1975

BRENNAN, J., delivered the opinion of the Court, in which all other Members joined except DOUGLAS, J., who took no part in the consideration or decision of the case.

*Charles R. Davis* argued the cause for petitioner. With him on the briefs was *Walter A. Armstrong, Jr.*

*Hunter M. Gholson* argued the cause for respondent. With him on the brief was *William G. Burgin, Jr.*

MR. JUSTICE BRENNAN delivered the opinion of the Court.

Mississippi imposes a 5% sales tax upon the "gross proceeds of the retail sales" of tangible personal property, including gasoline. Miss. Code Ann. § 27–65–17 (Supp. 1974).[1] Petitioner operates as a sole proprietorship from West Memphis, Ark. He owns and operates five gasoline service stations in Mississippi and also sells gasoline at four other stations in Mississippi on a consignment basis. He purchases his gasoline tax free

---

[1] Section 27–65–17 provides in pertinent part:

"Upon every person engaging or continuing within this state in the business of selling any tangible personal property whatsoever, there is hereby levied, assessed and shall be collected a tax equal to five percent (5%) of the gross proceeds of the retail sales of the business, except as otherwise provided herein. . . ."

from sources in Tennessee and Arkansas. He transports the gasoline to his Mississippi stations in his own trucks. He holds a Mississippi distributor's permit and is also federally licensed because he is a "producer" within the meaning of the Internal Revenue Code as one who sells gasoline bought tax free from other "producers." [2] He adds to his pump prices the amount of a Mississippi gasoline excise tax, now nine cents per gallon, Miss. Code Ann. § 27–55–11 (Supp. 1974), and a federal gasoline excise tax of four cents per gallon, 26 U. S. C. § 4081 (a). [3] The State computes his gross proceeds of retail sales "without any deduction for . . . taxes of any kind . . . ." Miss. Code Ann. § 27–65–3 (h) (Supp. 1974). [4] Petitioner contends that the denial of a deduc-

---

[2] 26 U. S. C. § 4082 (a), n. 3, *infra*.

[3] Mississippi Code Ann. § 27–55–11 provides:

"Any person in business as a distributor of gasoline . . . shall pay for the privilege of engaging in such business . . . an excise tax equal to [specified] cents per gallon on all gasoline . . . sold . . . in this state for sale [or] use on the highways . . . .

.      .      .      .      .

"With respect to distributors . . . who bring . . . into this state gasoline by means other than through a common carrier, the tax accrues and the tax liability attaches on the distributor . . . at the time when and at the point where such gasoline is brought into the state."

Title 26 U. S. C. § 4081 (a) provides:

"In general. There is hereby imposed on gasoline sold by the producer or importer thereof, or by any producer of gasoline, a tax of 4 cents a gallon."

Title 26 U. S. C. § 4082 (a) provides in pertinent part:

"Producer. . . . Any person to whom gasoline is sold tax-free under this subpart shall be considered the producer of such gasoline."

[4] Section 27–65–3 (h) provides in pertinent part:

" 'Gross proceeds of sales' means the value proceeding or accruing from the full sale price of tangible personal property . . . without any deduction for . . . taxes of any kind except those expressly exempt . . . ."

tion of the amount of the excise taxes added to his pump prices in the computation of his "gross proceeds of the retail sales" of gasoline, and the resultant application of the 5% sales tax to so much of his pump prices as reflects the amount of the taxes, are unconstitutional. He therefore paid the sales taxes to that extent under protest, and sued for a refund in Mississippi Chancery Court, Hinds County. Respondent cross-claimed for unpaid sales taxes accruing after the filing of the suit.[5] After trial, the Chancery Court dismissed petitioner's suit and entered judgment for respondent on the cross-claim. The Supreme Court of Mississippi affirmed. 288 So. 2d 868. We granted certiorari, 419 U. S. 1018 (1974). We affirm.

I

Petitioner's principal argument is that he acts as a mere collector of the taxes for the two governments because the legal incidence of both excise taxes is upon the purchaser-consumer. Upon that premise, he argues: "Consequently, to impose the Mississippi sales tax upon amounts so received by [petitioner] would be to tax him upon gross receipts which are not his gross receipts, but rather the gross receipts of [the two governments]. This would not only violate the fundamental conception of right and justice, but it would be taking [petitioner's] property without due process of the Fourteenth Amendment . . . ." Brief for Petitioner 37. He cites in support the statement in *Hoeper* v. *Tax Comm'n,* 284 U. S. 206, 215 (1931), that "any attempt by a state to measure the tax on one person's property or income by reference to the property or income of another is contrary to due process of law as guaranteed by the Fourteenth Amendment."

---

[5] Petitioner sought refunds of $62,782.57, and respondent cross-claimed for $29,131.19.

Also, petitioner advances an alternative argument limited to the denial of the deduction of the amount of the federal excise tax. He contends that the denial results to that extent in "a state tax on . . . monies held in trust by [petitioner] as agent for the United States [and] is, in essence, a tax upon the United States . . . [that] . . . is clearly unconstitutional" as violating the constitutional immunity of the United States and its property from taxation by the States. *M'Culloch* v. *Maryland,* 4 Wheat. 316 (1819). Brief for Petitioner 48.

Petitioner's arguments can prevail, as he apparently concedes, only if the legal incidence of the excise taxes is not upon petitioner, but upon the purchaser-consumer. Our task therefore is to determine upon whom the legal incidence of each tax rests.

## II

The economic burden of taxes incident to the sale of merchandise is traditionally passed on to the purchasers of the merchandise. Therefore, the decision as to where the legal incidence of either tax falls is not determined by the fact that petitioner, by increasing his pump prices in the amounts of the taxes, shifted the economic burden of the taxes from himself to the purchaser-consumer. The Court has laid to rest doubts on that score raised by such decisions as *Panhandle Oil Co.* v. *Mississippi ex rel. Knox,* 277 U. S. 218 (1928); *Indian Motorcycle Co.* v. *United States,* 283 U. S. 570 (1931); and *Kern-Limerick, Inc.* v. *Scurlock,* 347 U. S. 110 (1954), at least under taxing schemes, as here, where neither statute required petitioner to pass the tax on to the purchaser-consumer. See *Alabama* v. *King & Boozer,* 314 U. S. 1 (1941); *Lash's Products Co.* v. *United States,* 278 U. S. 175 (1929); *Wheeler Lumber Co.* v. *United States,* 281 U. S. 572 (1930); *First*

*Agricultural Nat. Bank* v. *Tax Comm'n,* 392 U. S. 339 (1968); *American Oil Co.* v. *Neill,* 380 U. S. 451 (1965).

A majority of courts that have considered the question have held, in agreement with the Mississippi Supreme Court in this case, that the legal incidence of the federal excise tax is upon the statutory "producer" such as petitioner and not upon his purchaser-consumer. *Martin Oil Service, Inc.* v. *Department of Revenue,* 49 Ill. 2d 260, 273 N. E. 2d 823 (1971); *People* v. *Werner,* 364 Ill. 594, 5 N. E. 2d 238 (1936); *Sun Oil Co.* v. *Gross Income Tax Division,* 238 Ind. 111, 149 N. E. 2d 115 (1958); *State* v. *Thoni Oil Magic Benzol Gas Stations, Inc.,* 121 Ga. App. 454, 174 S. E. 2d 224, aff'd, 226 Ga. 883, 178 S. E. 2d 173 (1970). Contra, see *Tax Review Board* v. *Esso Standard Division,* 424 Pa. 355, 227 A. 2d 657 (1967); cf. *Standard Oil Co.* v. *State,* 283 Mich. 85, 276 N. W. 908 (1937); *Standard Oil Co.* v. *State Tax Comm'r,* 71 N. D. 146, 299 N. W. 447 (1941). Our independent examination of the federal statute and its legislative history persuades us also that the legal incidence of the federal tax falls upon the statutory "producer" such as petitioner.

The wording of the federal statute plainly places the incidence of the tax upon the "producer," that is, by definition, upon federally licensed distributors of gasoline such as petitioner. Section 4082 (a) provides that "[a]ny person to whom gasoline is sold tax-free . . . shall be considered the producer of such gasoline," and § 4081 (a) expressly imposes the tax "on gasoline *sold by the producer* . . . ." (Emphasis added.) The congressional purpose to lay the tax on the "producer" and only upon the "producer" could not be more plainly revealed. Persuasive also that such was Congress' purpose is the fact that, if the producer does not pay the tax, the Government cannot collect it from his vendees; the statute has

no provision making the vendee liable for its payment.[6] *First Agricultural Nat. Bank* v. *Tax Comm'n, supra,* at 347.

It is true that the purchaser-consumer who buys gasoline for use on his farm, 26 U. S. C. § 6420 (a), or for other nonhighway purposes, § 6421 (a), or for a local transit system, § 6421 (b), can recover payment of all or part of the amount of the tax passed on by the "producer." But this is not proof that Congress laid the tax upon the purchaser-consumer. Rather, since the proceeds of this tax go not into the general treasury, but into a special fund used to defray the cost of the federal highway system, S. Rep. No. 367, 87th Cong., 1st Sess. (1961), the refunds authorized simply reflect a congressional determination that, because the economic burden of such taxes is traditionally passed on to the purchaser-consumer in the form of increased pump prices, farmers and other off-highway users should be relieved of the economic burden of the cost of the highway program, and that the cost should be borne entirely by motorists who use gasoline to drive on the highways. *Martin Oil Service, Inc.* v. *Department of Revenue, supra,* at 265, 273 N. E. 2d, at 827.

Petitioner cites references by President Johnson to the tax as a "user tax" as proving that it is not and never was intended that the tax be imposed upon the "producer," but rather upon the purchaser-consumer.

---

[6] Act of June 8, 1966, c. 645, Miss. Gen. Laws 1343, 1347, in effect during some of the tax years involved, but since repealed, provided only that the excise tax *"may* be passed on to the ultimate consumer . . . ." (Emphasis added.) In contrast, the Massachusetts sales tax law before us in *First Agricultural Nat. Bank.* v. *Tax Comm'n,* 392 U. S. 339 (1968), expressly provided that the tax "'shall be paid by the purchaser,'" and that the vendor "'shall add to the sales price and shall collect from the purchaser the full amount of the tax imposed.'" *Id.,* at 347.

President Johnson's message to Congress of May 17, 1965, on the subject of reform of the excise tax structure stated that such "reform . . . will . . . leave . . . excises on alcoholic beverages, tobacco, *gasoline,* tires, trucks, air transportation (and a few *other user-charge* and special excises) . . . ." H. R. Doc. No. 173, 89th Cong., 1st Sess., 3 (1965). (Emphasis added.) Petitioner relies also on the report of the House Committee on Ways and Means accompanying H. R. 8371, H. R. Rep. No. 433, 89th Cong., 1st Sess., 12–13 (1965). It states: "Taxes such as those on gasoline . . . are *user taxes.* . . . A tax on gasoline taxes users of the highways in rough proportion to their use of the service." (Emphasis added.) These references obviously were not made in the context of consideration of the legal incidence of the gasoline tax but merely as recognition that the reality is that users bear the economic burden of the tax. These references were rejected in *Martin Oil Service, Inc., supra,* by the Illinois Supreme Court as irrelevant to the question whether the tax must be considered as one whose incidence rests on the purchaser-consumer. We agree with, and adopt, that court's analysis:

> "We consider the references to the tax as a 'user tax' were not intended to be descriptive of the legal incidence of the gasoline tax. It is not disputed that the ultimate economic burden of the tax rests upon the purchaser-consumer. A practical nontechnical description of the tax as a 'user tax' is explainable, consistently with the legal incidence of the tax being on the producer. The economic burden of the tax has no relevance to the issue before us." 49 Ill. 2d, at 264, 273 N. E. 2d, at 826.

We therefore hold that the Mississippi Supreme Court, which relied upon *Martin Oil Service, Inc.,* see 288 So. 2d, at 873, properly concluded that the federal excise tax is

imposed solely on statutory "producers" such as petitioner and not on the purchaser.

## III

The Mississippi Supreme Court held that the legal incidence of the Mississippi excise tax also falls upon petitioner. It is true of course that this Court is the final judicial arbiter of the question where the legal incidence of the *federal* excise tax falls. But a State's highest court is the final judicial arbiter of the meaning of state statutes, *Alabama* v. *King & Boozer,* 314 U. S., at 9–10, and therefore our review of the holding of a state court respecting the legal incidence of a state excise tax is guided by the following: "When a state court has made its own definitive determination as to the operating incidence, our task is simplified. We give this finding great weight in determining the natural effect of a statute, and if it is consistent with the statute's reasonable interpretation it will be deemed conclusive." *American Oil Co.* v. *Neill,* 380 U. S., at 455–456.

This is manifestly a case in which the holding of the Mississippi Supreme Court that the legal incidence of the state excise tax falls upon petitioner should be "deemed conclusive." Mississippi Code Ann. § 27–55–11 (Supp. 1974), provides that the tax "attaches on the distributor or other person for each gallon of gasoline brought into the state . . ." in the case of distribution of gasoline by distributors, such as petitioner, who bring gasoline into Mississippi "by means other than through a common carrier." The Mississippi Supreme Court relied primarily upon this provision in reaching its conclusion, and we cannot say that its conclusion is not "consistent with the statute's reasonable interpretation."

Our determination is buttressed by the holding of a three-judge District Court in *United States* v. *Sharp,* 302

F. Supp. 668 (SD Miss. 1969). The United States sought a declaratory judgment that the Mississippi tax was invalid with respect to gasoline purchased by the Federal Government, its agencies, and personnel when used on Mississippi highways on Government business. The three-judge court held that the legal incidence of the state tax was upon the distributor-vendor and not upon the purchaser United States, and dismissed the action. The court stated:

> "We do not quarrel with the contention that a statute's practical operation and effect determines where the legal incidence of the tax falls. We simply agree that the tax burden in the Mississippi statute falls plainly and squarely on the distributor to whom the state looks for the payment of the tax, albeit the amount of the tax may ultimately be borne by the vendee, in this case the federal government." *Id.*, at 671.

Petitioner argues, however, that the decision of the Mississippi Supreme Court is foreclosed by this Court's decision in *Panhandle Oil Co.* v. *Knox,* 277 U. S. 218 (1928). The argument is without merit. In that case Mississippi sued Panhandle Oil Co. to recover gasoline excise taxes imposed by Chapter 116 of the 1922 Laws of Mississippi, as amended, a predecessor to the present Miss. Code Ann. § 27–55–11. The taxes claimed were on account of sales made by Panhandle to the United States for the use of its Coast Guard Fleet in service in the Gulf of Mexico, and of its Veterans' Hospital at Gulfport, Miss. The Court, over the dissents of Justices Holmes, Brandeis, Stone, and McReynolds, held that the tax as applied was invalid as a tax upon the means used by the United States for governmental purposes. The dissenters' view was that it was not a tax upon means used by the United States, but that Panhandle merely

shifted the economic burden of the tax to its vendees by adding it to the price of the gasoline.

The Court's *Panhandle* opinion did not focus upon whether the Mississippi statute laid the legal incidence of the tax upon the distributor. Rather, the rationale was that the tax was bad because, if laid upon distributors, the distributors were able to shift its burden to the purchaser. The Court has since expressly abandoned that view, and has accepted the analysis of the dissent. In *Alabama* v. *King & Boozer*, 314 U. S., at 9, the Court held: "So far as a different view has prevailed, see *Panhandle Oil Co.* v. *Knox* . . . , we think it no longer tenable."

IV

Finally, petitioner argues that even if the legal incidence of the two taxes is on him rather than on the consumer, the provision of § 27–65–17 denying the deduction of the taxes in the computation of his "gross proceeds of . . . retail sales" is invalid for two reasons.

First, he argues: "Since [petitioner] sells only to the ultimate consumer, the excise tax attaches simultaneously with the sale and with the sales tax; therefore, there can be no sales tax upon the excise tax." Brief for Petitioner 47. In other words, his argument is that the liability for the excise taxes, state and federal, and the liability for the sales tax arise simultaneously, and in that circumstance, one should not be included in computing the other. We read the opinion of the Mississippi Supreme Court to reject this argument and to hold that the taxes fall on the "producer at a time prior to the point of retail sale or other consumer transaction . . . ." 288 So. 2d, at 870. That interpretation of the Mississippi statutes is, of course, binding on us as respects the state excise tax; indeed, the interpretation is not merely "reasonable," but seems obvious in light of the express provision of

§ 27–55–11 that in cases of distributors, like petitioner, bringing gasoline into Mississippi in their own trucks the tax "attaches . . . at the time when and at the point where such gasoline is brought into the state." Further, we agree with the Mississippi court that the federal tax also attaches prior to the point of the retail sale. However, even if the liability for the excise taxes did arise simultaneously with the sales tax, we cannot see any legal distinction, constitutional or otherwise, arising from that circumstance. The Illinois Supreme Court also addressed this contention when made in *Martin Oil Service, Inc., supra,* as to the federal excise tax, and rejected it for the following reasons, with which we agree.

> "The legal incidence of the Federal gasoline tax is on the producer, who is under no legal duty to pass the burden of the tax on to the consumer. If he does pass on the burden of the tax it is simply done by charging the consumer a higher price. This higher price is the result of the added cost, because of the burden of the Federal tax, to the producer in selling his gasoline. It is no different from other costs he incurs in bringing his product to market, including the costs of raw material, its processing and its delivery. All these costs are includable in his 'gross receipts' or the 'consideration' he receives for his gasoline. No reason has been given . . . why the cost of the gasoline tax should be regarded differently from the other costs of the producer-retailer and we perceive none." 49 Ill. 2d, at 268, 273 N. E. 2d, at 828.

Second, petitioner argues that "since other independent oil dealers in those states which do not include the federal excise tax as a part of the sales tax base would not be forced to pay such tax [*e. g.,* Pennsylvania, see *Tax Review Board* v. *Esso Standard, supra*], then the arbitrary

imposition of such tax upon [petitioner] and those other independent oil dealers in his class (who have to pay a sales tax on federal excise tax) would deprive [petitioner] of the Fourteenth Amendment's guarantee to equal protection of the laws." Brief for Petitioner 21. The contention is patently frivolous. The prohibition of the Equal Protection Clause is against denial by the State, here Mississippi, as between taxpayers subject to its laws. Petitioner makes no claim of unconstitutional discrimination by Mississippi in the application of its sales tax Act to taxpayers subject to that tax.

*Affirmed.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.