**ATLANTIC RICHFIELD COMPANY, a
Pennsylvania Corporation, Peti-
tioner-Appellant,**

v.

**DIRECTOR OF REVENUE,
Respondent-Appellee.**

Superior Court of Delaware,
New Castle.

Submitted Aug. 22, 1975.

Decided Sept. 29, 1975.

Louis J. Finger, Wilmington, Richards, Layton & Finger, Wilmington, for petitioner-appellant.

A. Gary Wilson, Deputy Atty. Gen., Wilmington, for respondent-appellee.

STIFTEL, President Judge.

Appellant Atlantic Richfield Company (hereinafter "Atlantic") is a producer of gasoline which it sells wholesale within Delaware. As a wholesaler, Atlantic is required to pay to the State of Delaware a Wholesale Merchant's License Tax based upon the "gross receipts attributable to all goods sold by the wholesaler within this State." 30 Del.C. § 2902. In addition, as a seller of gasoline, Atlantic pays two other taxes—one, to the Federal Government of four cents a gallon "imposed on gasoline sold by the producer or importer thereof, or by any producer of gasoline", 26 U.S.C.A. § 4081, and the other, to the State of Delaware at the rate of eight cents a gallon "on all gasoline which is sold or used in this state." 30 Del.C. §§ 5110–5114.

During the periods 1969–70, 1970–71, and 1971–72, Atlantic did not include monies collected for the latter two taxes in its computation of "gross receipts" for the Wholesale Merchant's License Tax. The Division of Revenue assessed Atlantic for additional taxes on the basis of the inclusion in "gross receipts" of monies collected for payment of these two taxes. On appeal, the Tax Appeal Board upheld the assessment. Atlantic now brings this appeal from the determination of the Tax Appeal Board.

Atlantic advances two arguments: First, it urges that the Tax Appeal Board misinterpreted the term "gross receipts" as defined by statute by including within that designation the federal and state gasoline taxes in question. Secondly, Atlantic argues that if the Wholesale Merchant's License Tax is applied to federal and state gasoline tax monies collected by Atlantic, the License Tax is unconstitutional. I will deal with these arguments in turn.

## I.

30 Del.C. § 2901(2) states:

█ " 'Gross receipts' includes total consideration received by a wholesaler or retailer for all goods sold within this State."

Atlantic says that federal and state gasoline taxes are not a part of the consideration it receives from the sale of gasoline.

Thus, it claims, taxes should not be included in gross receipts.

In *Gurley v. Rhoden*, 421 U.S. 200, 95 S.Ct. 1605, 44 L.Ed.2d 110 (1975), a Mississippi gasoline distributor challenged the inclusion of federal and state gasoline taxes in "gross proceeds"[1] for the computation of a state sales tax. The distributor argued that he was merely a conduit for the taxes, the legal incidence of which falls upon the purchaser of the gasoline; therefore, he was being taxed for "proceeds" which never became his, but immediately accrued to the federal and state governments. The United States Supreme Court held, however, that the legal incidence of the gasoline taxes falls upon the producer and/or seller,[2] and not his purchaser-consumer, thus dictating the inclusion of the gasoline taxes in "gross proceeds" for the computation of the Mississippi sales tax.

Atlantic's interpretation of "gross receipts" does not conform with the general provisions which serve to aid construction of 30 Del.C. Chapter 29. 30 Del.C. § 2120, entitled "Computation of gross receipts", provides:

"Wherever this part[3] uses the term 'gross receipts,' no decuction shall be made therefrom on account of the cost of property sold, the cost of materials used, labor costs, interest, discount paid, delivery costs, *federal or state taxes* or any other expense whatsoever paid or accrued or losses." (Italics supplied.)

---

1. Miss.Code Ann. § 27–65–17 provides, in pertinent part:

   "Upon every person engaging or continuing within this state in the business of selling any tangible personal property whatsoever, there is hereby levied, assessed and shall be collected a tax equal to five percent (5%) of the gross proceeds of the retail sales of the business, except as otherwise provided herein . . . .".

   Although this statute refers to "gross proceeds" and the Delaware statute is directed to "gross receipts", the parties agreed at oral argument that the terms are synonymous.

2. 26 U.S.C.A. § 4081, the federal gas tax statute, refers to "producer". Miss.Code Ann. § 27–55–11, the state gasoline tax statute, provides in pertinent part:

   "Any person in business as a distributor of gasoline . . . shall pay for the privilege of engaging in such business . . . an excise tax equal to [specified] cents per gallon on all gasoline . . . sold . . . for sale, or use on the highways . . . .".

3. Part III of Title 30, entitled "Occupational and Business Licenses and Taxes", consists of Chapters 21, 23, 25, 27, 29, 30, 33, 35, 37, 39, 41 and 43.

The language of § 2120 expresses the intent of the Legislature in including both taxes in "gross receipts". Similarly, Judge Balick in this court in *R. Baylin & Company v. Director of Revenue,* 5383 C.A. 1973, Del.Super. (October 22, 1974), held that the cost of tobacco product tax stamps must be included in the computation of "gross receipts" under 30 Del.C. Chapter 29.

I see no reason why *Baylin* and *Gurley* should not be followed. I hold, therefore, that federal and state gasoline taxes were properly included in "gross receipts" for the purpose of computing the amount payable by Atlantic under the Wholesale Merchant's License Tax.[4]

## II.

■ Atlantic claims that if "gross receipts" as defined in 30 Del.C. § 2901(2) is interpreted to include federal and state gasoline taxes, Atlantic will be subjected to an unequal and non-uniform tax in violation of Article 8, § 1 of the Delaware Constitution, which states:

"All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax. . ."

Specifically, Atlantic argues that in being subject to the Wholesale Merchant's License Tax, it is a member of the class of wholesale merchants. Unlike Atlantic, other wholesale merchants are not required to include state and federal taxes that are collected in their computation of "gross receipts". Only Atlantic is subjected to this tax upon a tax, resulting in non-uniform taxation within the class.

■ Article 8, § 1 of the Delaware Constitution prohibits unreasonable classifications in tax statutes. *R. Baylin and Company v. Director of Revenue, supra; Conard v. State,* Del.Super., 2 Terry 107, 16 A.2d 121, 125 (1940); *Aetna Casualty and Surety Company v. Smith,* Del.Supr., 36 Del. Ch. 391, 131 A.2d 168, 177 (1957). In response to this same constitutional argument, Judge Balick said in *Baylin, supra,* at 2,

"Insofar as one might say that the cigarette or tobacco products tax, which is not here under attack, together with the wholesale merchant's license fee, in effect creates a classification of wholesalers of cigarettes or tobacco products, that classification is not unreasonable."

It is not only Atlantic that must include the state and federal taxes in gross receipts but all gasoline wholesalers must do so. The classification of wholesale gasoline distributors with regard to their tax liability is not unreasonable.

The Tax Appeal Board is affirmed.

4. 60 Del.Laws. c. 274, signed by the Governor August 4, 1975, exempts state motor fuel taxes paid from the computation of gross receipts, thus limiting the effect of this determination prospectively.