The Honorable Clyde D. Graeber State Representative, Forty-First District 2400 Kingman Leavenworth, Kansas 66048
Dear Representative Graeber:
You request our opinion regarding calculation of the Kansas retailers' sales tax, K.S.A. 79-3601 et seq., on sales of cigarettes. Specifically you question whether it is legally proper to include federal and state cigarette taxes in the amount on which the sales tax is based.
K.S.A. 1992 Supp. 79-3603(a) imposes a sales tax on the gross receipts from the retail sale of tangible personal property. The sale of cigarettes is not exempt from the sales tax. See K.S.A. 1992 Supp.79-3606(a). Thus, sales tax is to be imposed on the gross receipts from the retail sale of cigarettes.
The term "gross receipts" is defined as "the total selling price or the amount received as defined in this act, in money, credits, property or other consideration valued in money from sales at retail within this state. . . ." K.S.A. 1992 Supp. 79-3602(h). "Selling price" is defined as "the total cost to the consumer. . . ." K.S.A. 1992 Supp. 79-3602(g). Prior to 1970, K.S.A. 1992 Supp. 79-3602(g) specifically excluded from the definition of "selling price" federal retailers' excise tax and any specific excise tax imposed by the state. See Safeway Stores, Inc., v.Direct or Revenue, 211 Kan. 594 (1973). In 1970 the legislature deleted the deduction of the excise taxes. L. 1970, ch. 389, sec. 1(g).
 "When the legislature amends provisions of a statute, it is presumed the legislature intended to change the law from that which it was prior to the amendment. . . ." Safeway Stores, Inc., 211 Kan. at 515.
We therefore conclude that the Kansas retailers' sales tax act requires inclusion of federal and state cigarette taxes in the amount upon which the sales tax is based, if those tax amounts are part of the total cost to the consumer.
In Gurley v. Rhoden, 421 U.S. 200, 44 L.Ed.2d 110, 95 S.Ct. 1605
(1975), the United States Supreme Court held that including state and federal excise taxes in the amount upon which a state sales tax was based did not constitute a taking in violation of the due process clause because the legal incidence for each of the taxes fell on the same person, in that case the vender. In other words, it was held that the state was not illegally taxing the vender on property owned by others (i.e. not part of his gross receipts) since all of the relevant taxes fell on the vender. Under Kansas laws, the legal incidence of both the sales tax and the cigarette tax falls on the purchaser/consumer. Attorney General Opinion No. 89-115. See also In re Appeal of K-Mart Corp.,238 Kan. 393, 395 (1985); Southwestern Bell Tel. Co. v. State Comm. ofRevenue and Taxation, 168 Kan. 227, 233 (1949); Agricultural Nat. Bankv. Tax Comm., 392 U.S. 339, 347, 20 L.Ed.2d 1138, 1144, 88 S.Ct. 2173
(1968). Initially, the legal incidence of the federal cigarette tax is on the manufacturer. 26 U.S.C.A. sec. 5703. In that the taxes all fall on someone other than the vender, Gurley is inapplicable to the Kansas tax structure. It is noteworthy, however, that the Court apparently saw no problem generally with the fact that one tax was based in part on another tax. See also 68 Am.Jur.2d, Sales and Use Tax sec. 178 (West 1993).
In conclusion, the Kansas retailers' sales tax act requires inclusion of federal and state cigarette taxes in the amount upon which the sales tax on cigarettes is based if those tax amounts are part of the total cost to the consumer.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm