Dear Administrator, Fite
¶ 0 This office has received your letter requesting an official Attorney General Opinion addressing, in effect, the following question:
Is the one dollar ($1.00) per trip user fee charged pursuantto 82 O.S. Supp. 1999, § 1470(B)1 a part of the "grossreceipts from the sale of tangible personal property andservices" as defined in 68 O.S. Supp. 1999, § 1352(7) and,therefore, subject to the assessment of sales tax?
¶ 1 The Oklahoma Scenic Rivers Act, (82 O.S. Supp. 1999, §§1451-1471), Section 1470, provides for user fees on flotation devices:
 1. [T]here shall be imposed a user fee of One Dollar ($1.00) per trip per flotation device to be paid by the individual renting the commercial flotation device. The fee shall be paid into the Scenic Rivers Commission Revolving Fund.
 2. This per-trip user fee shall also be levied on privately owned canoes except as stated by subsection E of this section. If a commercial operator fails to remit such user fees on schedule as required by the Scenic Rivers Commission, such operator shall be assessed an additional fee of Twenty Five Dollars ($25.00) per week for each week he remains in arrearage. The fee shall be paid into the Scenic Rivers Commission Revolving Fund.
82 O.S. Supp. 1999, 1470(B).
¶ 2 The fee is imposed upon the individual renting the device, but is collected and remitted by the commercial operator. Your question presents the issue of whether the user fees are elements of the "gross proceeds or gross receipts" within the meaning of the Sales Tax Code and hence, to the consumer purchaser, a part of the sale price.
¶ 3 Your question may be answered by reference to the provisions of the Oklahoma Sales Tax Code, 68 O.S. 1991 andSupp. 1999, §§ 1350-1374 ("Code"). The Code levies tax on "gross receipts received from the sale of tangible personal property and services." Gross receipts are defined at Section 1352(7) of the Code as:
 "Gross receipts" or "gross proceeds" means the total amount of consideration for the sale of any tangible personal property or service taxable under the Oklahoma Sales Tax Code, whether the consideration is in money or otherwise. "Gross receipts" or "gross proceeds" shall include, but not be limited to:
a. cash paid,
 b. any amount for which payment is charged, deferred, or otherwise to be made in the future, regardless of the time or manner of payment,
 c. any amount for which credit or a discount is allowed by the vendor,
 d. any amount of deposit paid for transfer of possession[.]
68 O.S. Supp. 1999, § 1352[68-1352](7).
¶ 4 Section 1354(A) of the Code levies a tax on "all sales, not otherwise exempted in the Oklahoma Sales Tax Code. . . ." The tax is levied on the "gross receipts or gross proceeds of each sale. . . ." Id.
¶ 5 The taxable event is the sale itself. The sale of the service occurs when the consumer receives the service and incurs the obligation to pay for the service. A "sale" occurs by "the furnishing or rendering of services. . . ." 68 O.S. Supp. 1999,§ 1352[68-1352](15)(d).
¶ 6 Whether the user fees are included in the gross proceeds of each sale and subject to sales tax depends on whether the vendor or consumer bears the legal incidence of the fee. See Gurley v. Rhoden, 421 U.S. 200, 203 (1975). If the legal incidence is borne by the manufacturer, distributor, or retailer, the fee is included in the sales tax base. If the legal incidence of the fee is borne by the consumer, however, the fee is excluded from the sales tax base. See ITT Canteen Corp. v. Spradling,526 S.W.2d 11, 13 (Mo. 1975); Ferrara v. Director, Div. of Taxation,371 A.2d 80, 82 (N.J. 1974); Blackmon v. Costal Serv., Inc.,186 S.E.2d 441 (Ga. 1971).
¶ 7 In determining where the legal incidence of the fee falls, primary consideration must be given to the applicable statute, to which we must now turn. Section 1470 of the Scenic Rivers Act at subsection (B) imposes a user fee "to be paid by the individual renting the commercial flotation device." Where a statute mandates that the legal incidence of the fee is on the consumer, the vendor is merely an agent for the collection of the fee and courts have held that the fee is to be excluded from the sales tax base. See Ferrara, 371 A.2d at 249; Blackmon,186 S.E. 2d at 447. The Scenic Rivers Act expressly provides that the impact is on the consumer and is to be recovered from the consumer; therefore, the retailer merely acts as an agent for collection.
¶ 8 The plain meaning of "gross receipts" or "gross proceeds" upon which the sales tax shall be calculated is the total consideration received by the seller or the total obligation incurred by the purchaser at the time of the transaction, if greater than the monetary consideration received by the seller. See Duncan Med. Serv. v. Oklahoma Tax Comm'n, 911 P.2d 247, 251
(Okla. 1994). Applying the plain meaning of the statutory definition, the gross receipts or gross proceeds upon which the sales tax is imposed on consumers of flotation devices must be calculated without including the user fee. The fee was never intended to be imposed upon the retailer, but rather upon the consumer, the user and beneficiary of the facilities (i.e., the scenic rivers). The revenue collected as a result of the fee does not go into the general State Treasury. Instead, it is placed in a special fund used to defray the cost of the Scenic River program. The retailer's responsibility is limited to collecting the fee and hence, realistically and logically, it is nothing more than a collector thereof.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The user fee imposed at 82 O.S. Supp. 1999, § 1470[82-1470] is notpart of the "gross proceeds or receipts" as defined in 68 O.S.Supp. 1999, § 1352[68-1352]. Therefore, the user fee should not beincluded in the tax base for purposes of computation of Oklahomasales tax.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL