**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CECILIA U. FLORES,

               Plaintiff-Appellant,

   v.

VICTORIA CONCEPCION; et al.,

               Defendants-Appellees.

No.   16-15915

D.C. No. 1:15-cv-00010

MEMORANDUM[*]

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief Judge, Presiding

Submitted July 9, 2018[**]
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and LEMELLE,[***] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ivan L.R. Lemelle, United States Senior District Judge for the Eastern District of Louisiana, sitting by designation.

Appellant Derron Flores, administrator of the Estate of Cecilia Flores, appeals the district court's denial of his motion to substitute as plaintiff in this case. Federal Rule of Civil Procedure 25(a) provides that, "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." The interpretation of Rule 25(a) is a question of law that we review *de novo*. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The district court's interpretation of state law is also reviewed *de novo*. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's ruling that Cecilia Flores' tort claims extinguished upon her death.

The instant case was originally filed by Plaintiff Cecilia Flores in the Commonwealth for the Northern Mariana Islands ("CNMI") Superior Court. It was removed to federal court pursuant to the Edge Act, 12 U.S.C. § 632. Cecilia Flores alleged that Union Bank fraudulently "allowed an imposter to redeem [her 1993 certificate of deposit ("CD")], and hid[] that fundamental material fact . . . all these years to [her] detriment."

Both Cecilia Flores and her husband Donald (who bought the CD) died while this action was pending. Appellant Derron, the son and only known child of Donald and Cecilia Flores, attempted to substitute as plaintiff in this case. Although Rule 25(a) governs substitution of parties procedurally, we look to

CNMI law to determine survivorship of claims. *See Saipan Achugao Resort Members' Ass'n v. Wan Jin Yoon*, No. CV-06-0049-GA, 2011 WL 5223121, at \*5 (N. Mar. I. Oct. 31, 2011) ("In the Commonwealth, written law includes the Commonwealth Constitution and Commonwealth statutes, along with case law, court rules, legislative rules and administrative rules." (citation omitted)).

The CNMI Supreme Court's decision in *Indalecio v. Yarofalir*, 2006 WL 2242754 (N. Mar. I. 2006), is controlling. There, the court interpreted the Commonwealth Code, which provides for the survival of tort claims upon the tortfeasor's death, but does not speak to the survival of claims where the tort *victim* dies. *Id.* at \*7 (citing 7 CMC § 2601(a)). The court "assume[d] that the Legislature's silence here was not an oversight, but a calculated decision," and ruled that "the CNMI has no statute which preserves a tort victim's claims after his death." *Id.*

*Indalecio* makes clear that Cecilia Flores' tort claims did not survive her death, and we are bound by that decision. *Gurley v. Rhoden*, 421 U.S. 200, 208 (1975) ("[A] State's highest court is the final judicial arbiter of the meaning of state statutes." (citation omitted)); *Andrade v. City of Phoenix*, 692 F.2d 557, 559 (9th Cir. 1982) (per curiam) ("If there were a decision by the [state] Supreme Court . . . construing this statute, the federal courts would be bound by that decision." (citation omitted)). Appellant's attempt to distinguish *Indalecio* is unavailing.

3

*Indalecio*'s interpretation of CNMI law is not limited to wrongful death torts or injuries to the person. 2006 WL 2242754, at \*7.

**AFFIRMED.**