### Daniel PAGE, Plaintiff,

v.

### REGIONS BANK, Defendant.

### Civil Action No. 2:12–cv–2115–WMA.

United States District Court,
N.D. Alabama,
Southern Division.

Aug. 22, 2012.

---

Micah S. Adkins, Burke Harvey & Frankowski LLC, Birmingham, AL, William Peerce Howard, Morgan & Morgan, Tampa, FL, for Plaintiff.

Joshua B. Baker, Thomas W. Thagard, III, Maynard Cooper & Gale PC, Birmingham, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM M. ACKER, JR., District Judge.

Before the court is a motion to dismiss (Doc. 5) in which defendant, Regions Bank ("Regions"), seeks a dismissal of the action brought by plaintiff, Daniel Page ("Page"), under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* ("TCPA"). Based on the following, Regions' motion to dismiss will be denied.

## BACKGROUND

Page's complaint contains one count for violation of the TCPA, a statute enacted to protect consumers from overly aggressive telemarketing practices and unwanted telephone solicitation. Specifically, Page alleges that Regions repeatedly violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing approximately 150 nonemergency phone calls to his cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without his prior express consent between September 2009 and September 2011. The content of these calls was not intended for Page, but instead for "Derek Busby."

Evidence submitted by both parties contemporaneously with the motion establishes that the telephone at issue was not registered in Page's name. Instead, the cellular telephone was registered to Page's fiancee, Angelique Roddey. Although the cellular telephone was not registered in Page's name, Page contends that he was the regular user and carrier of the phone.

## DISCUSSION

Regions seeks dismissal of Page's action on two distinct grounds, lack of subject-matter jurisdiction under Rule 12(b)(1), Fed.R.Civ.P., and failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P.

### A. Statutory Standing: "Called Party"

The court will address first Regions' contention that the court lacks subject matter jurisdiction. *See Univ. of South Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410

(11th Cir.1999) (a federal court must examine the basis of its jurisdiction before proceeding on the merits). Regions contends that the court lacks jurisdiction both facially and factually. *See Cook Oil Co., Inc. v. United States,* 919 F.Supp. 1556, 1559 (M.D.Ala.1996) *aff'd,* 108 F.3d 344 (11th Cir.1997) ("The Eleventh Circuit divides attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) into two forms: 'facial attacks' and 'factual attacks.'"). Facially, Regions contends that Page has not alleged that he is a "called party" under § 227(b)(1)(A)(iii) and thus does not have standing to assert this claim. Factually, Regions contends that the evidence submitted establishes that Page was not, in fact, the "called party" because he was neither the "intended recipient" of the telephone calls nor the "subscriber" to the telephone number called.

Regions mistakenly advances these challenges to subject-matter jurisdiction. While a challenge to Article III standing is often treated as an issue of subject-matter jurisdiction, questions of "statutory standing" (whether the plaintiff has satisfied the requirements under the statute to bring the action) collapse into an examination of the elements of the case and are more appropriately analyzed under Rule 12(b)(6). *Yeatman v. D.R. Horton, Inc.,* No. 407CV081, 2008 WL 1847087, at *1 n. 6 (S.D.Ga. Apr. 23, 2008); *see also Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th

Cir.2011) ("[L]ack of *statutory* standing requires dismissal for failure to state a claim, lack of *Article III* standing requires dismissal for lack of subject matter jurisdiction under [Rule] 12(b)(1).").[1] Regions' arguments regarding Page's status as a "called party" address statutory standing and will be appropriately dealt with within the confines of Rule 12(b)(6). As such, for purposes of this ruling, the court takes as true the facts alleged in the complaint and draws all reasonable inferences in Page's favor. *See Hardy v. Regions Mortg. Inc.,* 449 F.3d 1357, 1359 (11th Cir.2006).[2]

Regions' statutory standing argument is based on the proposition that only a "called party" has standing to pursue a TCPA claim under § 227(b)(1)(A). Despite this bold assertion, there is no indication of such a requirement in the statutory text. "The starting point for all statutory interpretation is the language of the statute itself[,]" *United States v. DBB, Inc.,* 180 F.3d 1277, 1281 (11th Cir.1999) (citing *Watt v. Alaska,* 451 U.S. 259, 265, 101 S.Ct. 1673, 1677, 68 L.Ed.2d 80 (1981)), and the plain language of the TCPA simply does not support the this requirement. Examining the text of the statute, the TCPA uses the term "called party," for instance, when setting forth an exception to liability, stating that a person does not violate the TCPA if the call is "made for emergency purposes or made with the pri-

---

1. Despite Regions' passing footnote to the contrary, Page has satisfied the requirements for constitutional standing. He has alleged an injury-in-fact: the receipt of approximately 150 phone calls over a two year period. The calls were placed by Regions and are traceable to Regions' actions. Finally, a favorable decision in this suit will redress Page's injury by awarding statutory damages. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136–37, 119 L.Ed.2d 351 (1992).

2. In light of Regions characterizing its challenge as being under Rule 12(b)(1), the parties submitted evidentiary materials with their briefs, ordinarily requiring the court to look beyond the allegations contained in the complaint. Because this evidence is not necessary to the resolution of the motion to dismiss, it is unnecessary for the court to convert Regions' Rule 12(b)(6) motion into a Rule 56 summary judgment motion. *See Day v. Taylor,* 400 F.3d 1272, 1275–76 (11th Cir.2005). Regions is not precluded from filing a Rule 56 motion in due course.

or express consent of the called party." *See* 47 U.S.C. § 227(b)(1)(A). The statute does not use the term "called party" when defining who may assert a TCPA claim. To the contrary, the TCPA grants a private right of action to any "person or entity." *See* 47 U.S.C. § 227(b)(3). Specifically, § 227(b)(3) provides

> **A person or entity** may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of the subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (b) of this paragraph.

(emphasis added). There is no limitation in the text of the statute to indicate that only a "called party" may assert a TCPA claim.

In addition to the statutory text of § 227(b)(1)(A), Regions relies on *Leyse v. Bank of America, N.A.* to support the proposition that only a "called party" can assert a TCPA claim. No. 09–civ–7654(JGK), 2010 WL 2382400, at *3 (S.D.N.Y. June 14, 2010).[3] In *Leyse,* a New York district court held that an individual who answered a prerecorded telemarketing call intended for his roommate did not have standing[4] to bring a TCPA because he was not the "called party." *Id.* at *4. In concluding that the roommate was not the "called party" and did not have standing, the court in *Leyse* failed accurately to reflect the plain language of the TCPA. Instead, the *Leyse* court cites § 227(b)(3) for the proposition that "[a] called party who receives such a call is permitted to bring suit to collect $500 in statutory damages." *Id.* at *4. As explained above, the term "called party" does not even appear in § 227(b)(3). This court is equally unpersuaded by cases from other district courts limiting standing under the TCPA to the "called party." These cases do not address the absence of such a requirement in the statute and are factually distinguishable. *See e.g., Gutierrez v. Barclays Group,* No. 10cv1012–DMS, 2011 WL 579238, at *4–5 (S.D.Cal. Feb. 9, 2011); *Cellco P'ship v. Dealers Warranty, LLC,* No. 09–1814–FLW, 2010 WL 3946713, at *9–10 (D.N.J. Oct. 5, 2010); *Kopff v. World Research Group, LLC,* 568 F.Supp.2d 39, 42 (D.D.C.2008).

Several other district courts have examined the statutory text of the TCPA and found that the plaintiff does not need to be a "called party" to assert a TCPA claim. *See e.g., Harris v. World Fin. Network*

---

**3.** Most of the cases cited by the parties as well as those cited by the court herein are unpublished. In due time some of these cases will be published, while others will not. In the absence of published opinions regarding the relevant TCPA provisions, the court will look to these unpublished opinions for guidance. Although these cases are not binding on this court, they are persuasive to the extent warranted by their legal analysis.

**4.** Specifically, the *Leyse* court addressed a challenge to Article III standing, determining whether the individual who answered the call intended for his roommate suffered an invasion of a legally protected interest such that he had suffered an "injury-in-fact." 2010 WL 2382400 at *3.

*Nat'l Bank,* 867 F.Supp.2d 888, 893–94 (E.D.Mich.2012) ("Because the TCPA is a strict liability statute, and because it plainly grants standing to 'any person or entity,' the Court concludes that Plaintiff has standing to bring claims under the TCPA."); *Anderson v. AFNI, Inc.,* No. 10–4064, 2011 WL 1808779, at *7 (E.D.Pa. May 11, 2011) ("The plain text of [47 U.S.C. § 227(b)(3)] suggests that Congress did not mean to circumscribe standing beyond its constitutional and prudential requirements since it unambiguously grants a cause of action to any 'person or entity.' "); *D.G. ex rel. Tang v. William W. Siegel & Assocs., Attorneys at Law, LLC,* 791 F.Supp.2d 622, 625 (N.D.Ill.2011) ("Significantly, the term 'called party' is only used in the exception to the statute and does not define who may sue under the statute. Thus, Plaintiff need not be a 'called party' to assert a TCPA claim."); *Tang v. Med. Recovery Specialists, LLC,* No. 11–C2109, 2011 WL 6019221, at *2 (N.D.Ill. July 7, 2011) (slip op.) (adopting the court's reasoning in *D.G. ex rel. Tang* ); *Kane v. Nat'l Action Fin. Servs.,* No. 11–cv–11505, 2011 WL 6018403, at *7 (E.D.Mich. Nov. 7, 2011) (slip op.) ("The Court agrees … that Mr. Kane has standing because the statute unambiguously grants standing to any 'person or entity' to bring claim."). Simply put, this court agrees that a plaintiff need not be a "called party" to assert a TCPA claim.

Even if the TCPA only affords a right of relief to a "called party," Page would be a "called party" under the facts of this case. Cases limiting who may assert a TCPA claim to a "called party" have not uniformly defined the term "called party." As Regions' argues in its brief, some courts have recognized the "intended recipient" as the "called party" with standing under the TCPA. *See Leyse,* 2010 WL 2382400 at *3; *Kopff,* 568 F.Supp.2d at 42; *Cellco P'Ship,* 2010 WL 3946713 at *9–10. *Leyse*

and *Kopff* are both "residential line" cases and distinguishable. In *Leyse,* the defendant called an individual on his residential line and the individual's roommate answered. 2010 WL 2382400 at *2. In holding that the roommate lacked standing, the court relied on the fact that he was an unintended, incidental recipient of the call since the defendant called the number associated with the individual it was attempting to contact and the roommate answered by happenstance. *Id.* at *4. Similarly, in *Kopff,* the court held that the intended recipient's wife/executive assistant did not have standing to assert a TCPA claim when she retrieved faxes addressed to her husband (the intended recipient) from his home office. 568 F.Supp.2d at 42.

Unlike the defendants in *Leyse* and *Kopff,* Regions did not call a number associated with who appears to be the so-called "intended recipient," "Derek Busby." Instead, Regions repeatedly called Page, the regular user and carrier of the subject cellular phone. Furthermore, unlike the roommate in *Leyse* and the wife/executive assistant in *Kopff,* Page was not merely an incidental recipient of Regions' calls.

*Cellco P'ship,* the other "intended recipient" case cited by Regions is even more easily distinguishable. 2010 WL 3946713. In *Cellco P'ship,* the defendant had placed unsolicited telemarketing calls to plaintiffs' subscribers, and an issue of standing arose because the plaintiffs were telecommunications vendors and not the individuals who received the calls. *Id.* at *1, *7. This case addressed an entirely different issue and is not instructive here.

In the only Eleventh Circuit case addressing the term "called party," the court examined an exemption to a related provision of the TCPA and did not address standing. *Meadows v. Franklin Collection Servs., Inc.,* 414 Fed.Appx. 230, 235–

36 (11th Cir.2011). In *Meadows*, the Eleventh Circuit affirmed the district court's holding that the caller did not violate the TCPA when it had a "preexisting business relationship" with the debtor it was attempting to contact (i.e., the intended recipient) at the number provided by the debtor, although the debtor's mother answered the phone. *Id.* While *Meadows* is instructive as to the scope of the exemption examined, the different provisions of the TCPA have different exemptions, and it does little to cast doubt on Page's statutory standing in the instant case. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F.Supp.2d 1316 (S.D.Fla.2012) (distinguishing *Meadows* and holding that in the context of § 227(b)(1)(A)'s cellular phone provision, the actual recipient of the call was the "called party"). Any precedential value of *Meadows* is diminished by the fact that it is unpublished.

When confronted with facts more similar to those in the present case, a significant number of courts have recognized the telephone "subscriber" as the "called party."[5] *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir.2012); *Harris*, 867 F.Supp.2d at 893–94; *D.G. ex rel. Tang*, 791 F.Supp.2d 622, 625 (N.D.Ill. 2011) ("Even if the TCPA only affords a right to relief to a 'called party', this Court finds that Plaintiff was the called party because [Defendant] intended to call Plaintiff's cellular telephone number and Plaintiff is the regular user and carrier of the phone."); *Anderson*, 2011 WL 1808779 at *8; *Tang*, 2011 WL 6019221 at *2; *Kane*, 2011 WL 6018403 at *7. In *Soppet*, the Seventh Circuit carefully analyzed each time the phrase "called party" appears in § 227. 679 F.3d at 640–42. Out of the seven times the phrase appears, the court concluded, four "unmistakably denote the

current subscriber[,]" meaning "the person who pays the bills or needs the line in order to receive other calls." *Id.* at 640. One use of the phrase "called party," denotes whoever answers the call, which, the court explains, is usually the subscriber. *Id.* The court concluded that the context does not aid in determining the meaning of the remaining two times that the phrase is used. *Id.* Furthermore, the phrase "intended recipient," the meaning defendant argued for, does not appear anywhere in the text of § 227. *Id.* Based on this analysis and the presumption of uniform usage within a single statutory scheme, the Seventh Circuit concluded that "called party" means the person subscribing to the called number at the time the call is made. *Id.* at 640, 643. This court finds the Seventh Circuit's analysis both instructive and persuasive.

■ In the present case, Page is the "called party" because he was the "subscriber" to the cellular telephone in question. Page is the regular user and carrier of the cellular telephone, as well as the person who needs the telephone line to receive other calls. *See Soppet*, 679 F.3d at 640; *D.G. ex rel. Tang*, 791 F.Supp.2d at 625. The fact that the telephone number was registered in Page's fiancee's name does not change this result. Although it appears that Regions had the wrong phone number listed for "Derek Busby," Regions intended to, and did, repeatedly call Page's cellular phone. Page is much more than an incidental recipient of a correctly placed phone call. As such, Page is the "called party" and would have statutory standing to bring a TCPA claim even if statutory standing was limited to only a "called party."

---

**5.** A number of these cases hold that a plaintiff does not have to be a "called party" to assert

a TCPA claim, but nonetheless define the phrase "called party."

## B. Failure to State a Claim: Charged for the Calls

■ Regions also contends that Page's action should be dismissed for failure to state a claim under Rule 12(b)(6) because he has left out the essential element that he was charged for the calls in question as required under § 227(b)(1)(A)(iii). Specifically, this section prohibits calls made using automatic dialing systems or artificial or prerecorded voice "to any telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier services, *or any services for which the called party is charged for the call.*" 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). The phrase "for which the called party is charged for the call" clearly modifies "any service." The parties dispute whether the phrase "any service for which the called party is charged" is a catch-all clause that equally describes the types of services that precede it, or whether the clause describes a different type of service than those listed before it.

One of the few courts to address this precise issue did so in *Gutierrez,* 2011 WL 579238 at *5–6. The *Gutierrez* court began its analysis by applying the "doctrine of last antecedent," which instructs that in the absence of some other indicia of meaning, courts ordinarily should read a limiting clause or phrase as modifying only the noun or phrase that immediately precedes it. *Id.* at *5 (citing *United States v. Hayes,* 555 U.S. 415, 129 S.Ct. 1079, 172 L.Ed.2d 816 (2009)). Thus, when applied, the doctrine of last antecedent instructs that the phrase "for which the called party is charged for the call" modifies only "any service" not the preceding phrases in the statute, making the phrase "any services for which the called party is charged" a separate type of qualifying service. *Id.; see also Kane,* 2011 WL 6018403, at *8 (denying defendant's motion to dismiss for failure to state a claim based on plaintiff's failure to plead that he was charged for the calls). Similarly, although not using the label "doctrine of last antecedent," the District Court for the Southern District of Florida recognized the disjunctive "or" preceding "any services ... is charged[,]" and held that a plaintiff did not need to plead that he was charged for the call when he pled that he used a cellular telephone service. *Buslepp v. Improv Miami, Inc.,* No. 12–60171–civ, 2012 WL 1560408, at *2 (S.D.Fla. May 4, 2012) (slip op.).

In at least one instance (unrelated to the TCPA), the Eleventh Circuit has recognized a supplementary "rule of punctuation" to the doctrine of last antecedent. *See Bingham, Ltd. v. United States,* 724 F.2d 921, 926 n. 3 (11th Cir.1984). This rule states that when the modifier (here, "any services ... is charged") is set off from the antecedents by a comma, it indicates an intent that the modifier relate to more than the last antecedent. *Id.* Because the modifying phrase is preceded by a comma, this supplementary guide supports Regions' interpretation that the "any services ... is charged" phrase modifies all antecedents. This interpretative guide, as well as the doctrine of last antecedent, is not an absolute rule. *Id.* Other indicia of meaning, as recognized by other courts that have analyzed this language, support the conclusion that the plaintiff need not plead that he was charged for the call to state a claim under § 227.

Like the defendants in *Gutierrez,* Regions contends that during the rulemaking process and regulatory implementation of the TCPA, the FCC clarified that "[b]ased on the plain language of § 227(b)(1)(A)(iii), ... the TCPA did not intend to prohibit autodialer or prerecorded message calls to cellular customers for which the called party is not charged." *In the Matter of*

*Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 7 F.C.C.R. 8752 (1992), ¶ 45 ("1992 Order"). Notably, as the *Gutierrez* court points out, this portion of the FCC Order deals with a requested exemption for certain calls in which the called party was not charged and does not apply to all calls for which the called party is not charged. *See Gutierrez,* 2011 WL 579238 at *5 (citing 1992 Order at ¶ 43). The court finds Regions' other arguments based on isolated excerpts from FCC Orders equally unpersuasive.

The cases Regions offers in support of its argument do not examine this alleged requirement in any detail, but merely make a passing reference to being "charged for the call." *See Osorio v. State Farm Bank, F.S.B.,* 859 F.Supp.2d 1326, 1329 (S.D.Fla.2012); *Knutson v. Reply!, Inc.,* No. 10–cv–1267–BEN, 2011 WL 291076, at *1 (S.D.Cal. Jan. 27, 2011). Because they fail to analyze the language of the statute itself, the court finds does not find the cases instructive much less persuasive.

The court does, however, find persuasive the *Gutierrez* court's reliance on other provisions of the TCPA in support of this reading. Specifically, 47 U.S.C. § 227(b)(2)(C) provides that the FCC may exempt calls to a cellular telephone service that are not charged to the called party from the requirements of § 227(b)(1)(A)(iii). If § 227(b)(1)(A)(iii) did not include "calls to a telephone number assigned to a cellular telephone service that are not charged to the called party," the exemption would be meaningless. *See Gutierrez,* 2011 WL 579238 at *6; *see also Smith v. Microsoft Corp.,* No. 11–cv–1958–JLS, 2012 WL 2975712 (S.D.Cal. July 20, 2012) (slip op.) (holding that the TCPA does not limit its protection to instances in which the plaintiff is charged within the context of Article III standing).

Based on the court's reading of the statute, Page's failure to specifically plead that he was charged for the allegedly violative calls does not prevent him from having stated a claim under § 227(b)(1)(A)(iii) of the TCPA.

## CONCLUSION

For the reasons stated, Regions motion to dismiss is **DENIED.** Regions shall answer the complaint on or before **September 4, 2012.**