[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10021
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00467-TJC-TBS


JAMES MICHAEL SMITH,

Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF COMMERCE,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 30, 2012)

Before MARCUS, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

James Smith, proceeding pro se, appeals the dismissal of his civil complaint alleging a violation of his constitutional due process rights, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and a claim for libel and slander.  Smith's claims arose out of his termination by the U.S. Census Bureau based on a prior criminal conviction.  On appeal, Smith does not contest the district court's finding that it lacked subject matter jurisdiction over his complaint because, first, the Civil Service Reform Act ("CSRA") precluded Smith's constitutional claim and, second, the Federal Tort Claims Act ("FTCA") did not waive sovereign immunity for Smith's libel and slander claim.  Instead, Smith argues that he exhausted his administrative remedies and that the Department of Commerce violated his constitutional rights.  After thorough review, we affirm.

We review a district court's order granting a motion to dismiss for lack of subject matter jurisdiction de novo, viewing the facts in the light most favorable to the plaintiff.  Parise v. Delta Airlines, Inc., 141 F.3d 1463, 1465 (1998).  Factual findings concerning subject matter jurisdiction made by the district court will be overturned only if clearly erroneous.  Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1238 (11th Cir. 2002).  Federal Rule of Civil Procedure 12(h)(3) says that a court shall dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.  A facial attack on the complaint

2

requires the court to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations of his complaint are taken as true for the purposes of the motion. Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).[1]

Bivens permitted plaintiffs to bring civil rights actions against federal officers. Bivens, 403 U.S. at 397. However, the Supreme Court has limited the circumstances under which a Bivens claim may be asserted. When the design of a government program suggests that Congress has provided adequate remedies for constitutional violations that may occur in the course of its administration, Bivens remedies are not available. Schweiker v. Chilicky, 487 U.S. 412, 423 (1988). The CSRA created an elaborate framework for evaluating adverse personnel actions against federal employees. Lee v. Hughes, 145 F.3d 1272, 1274 (11th Cir. 1998). The CSRA is designed to preclude a Bivens remedy, even if the CSRA does not provide for administrative or judicial review of an adverse personnel action. Id. at 1275-76. In United States v. Fausto, 484 U.S. 439 (1988), the Supreme Court "emphatically and conclusively established the preemptive nature of the CSRA." Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1575-76 (11th Cir. 1990).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), we adopted as binding precedent all decisions of the Fifth Circuit handed down before the close of business on September 30, 1981.

The United States may not be sued without its consent. Simons v. Vinson, 394 F.2d 732, 735-36 (5th Cir. 1968). The FTCA provides a limited waiver of the United State's sovereign immunity for tort claims that allows the government to be sued by certain parties under certain circumstances. Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006). A federal court does not have jurisdiction under the FTCA unless the plaintiff first files an administrative claim with the appropriate agency. Id. Section 2680(h) of Title 28 provides a statutory exemption from the FTCA for claims arising out of libel and slander.

In this case, the district court provided three separate grounds for its dismissal based on lack of subject matter jurisdiction: (1) preclusion by the CSRA; (2) the Department's sovereign immunity; and (3) Smith's failure to exhaust his administrative remedies. Even if we were to liberally construe Smith's pro se appellate brief, he did not challenge the district court's finding that his claims were precluded by the CSRA and by sovereign immunity. Because he failed to raise these issues in his brief, Smith has abandoned any challenge to them on appeal. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

Further, a brief analysis shows that the district court did not err in its dismissal of Smith's claims. First, Smith's constitutional claim was properly dismissed for lack of subject matter jurisdiction. Smith attempted to bring a Bivens complaint against

4

the Secretary for violation of his due process rights during the hiring process. The CSRA precludes a <u>Bivens</u> remedy, and therefore, any claim against the government for adverse personnel action must be brought according to the CSRA. As a result, the district court properly concluded that it did not have subject matter jurisdiction over Smith's due process claim.

Similarly, Smith's tort claim for defamation was properly dismissed for lack of subject matter jurisdiction. The FTCA specifically states that it does not waive the United State's sovereign immunity for claims arising out of libel and slander. <u>See</u> 28 U.S.C. § 2680(h). Consequently, the Department is immune to Smith's libel and slander claims.

As we've noted, Smith's appeal only contests the district court's finding that he did not exhaust his administrative remedies. But even had Smith exhausted his administrative remedies, both the CSRA and principles of sovereign immunity preclude the district court from exercising subject matter jurisdiction over his claim. Accordingly, we affirm.[2]

**AFFIRMED.**

---

[2] Further, because the district court correctly dismissed the action based on lack of subject matter jurisdiction, the appellant's motion for summary judgment is DENIED.