Andrea Joy GESTEN, Plaintiff,

v.

STEWART LAW GROUP, LLC, etc., Defendant.

Case No. 14–61650–CIV.

United States District Court, S.D. Florida.

Signed Dec. 18, 2014.

Filed Dec. 19, 2014.

Scott David Owens, Scott D. Owens, P.A., Hallandale, FL, for Plaintiff.

Noah Scott Bender, Groelle & Salmon, P.A., Miami, FL, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

JAMES I. COHN, District Judge.

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Complaint [DE 14] ("Motion") and Plaintiffs' Response [DE 18]. Defendant has not filed a Reply. The Court has reviewed these motion papers, the relevant portions of the case file, and is otherwise advised in the premises. Upon review, the Court will **DENY** the Motion.

### I. Standard

■ Defendant purports to move to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). [DE 14 at 1.] However, Defendant argues that the Court should dismiss Plaintiff's claims because Plaintiff "lacks Article III standing to assert any claims against Defendant." [*Id.*] "Because a motion to dismiss for lack of standing is one attacking the district court's subject matter jurisdiction, it is brought pursuant to Rule 12(b)(1)." *Region 8 Forest Svc. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 807 n. 8 (11th Cir.1993).

■ A defendant may attack the Court's subject matter jurisdiction either facially or factually. *See McElmurray v. Consolidated Gov't of Augusta–Richmond County,* 501 F.3d 1244, 1251 (11th Cir. 2007); *see also Cellco Partnership v. Plaza Resorts, Inc.,* No. 12–cv–81238–CIV, 2013 WL 5436553, at *3 (S.D.Fla. Sept. 27, 2013) (citing *McElmurray* ). The Court construes Defendant's Motion as a facial challenge to this Court's subject matter jurisdiction. Such a facial attack requires the Court to determine if Plaintiff has alleged facts to establish her standing. "[T]he allegations of [the] complaint are taken as true for the purposes of the motion." *Smith v. Sec'y U.S. Dep't of Com-*

*merce,* 495 Fed.Appx. 10, 11 (11th Cir. 2012) (citing *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980)).[1]

## II. Background

Plaintiff's single-count Complaint alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* Per the Complaint, Defendant called Plaintiff's cell phone "dozens" of times using an automatic telephone dialing system. [DE 1 at 6–7.] Defendant left prerecorded messages on Plaintiff's voice mail, which reflected that Defendant made the calls in connection with its efforts to collect a debt from Plaintiff's husband. [*Id.* at 6.] Plaintiff alleges that these messages "featured a disjointed cadence and a timbre which suggest they were created with an artificially produced voice." [*Id.* at 7.] Plaintiff also pleads that "[n]either Plaintiff nor her husband provided [the relevant telephone number] to any creditor during a transaction that resulted in any alleged debt owed, or at any other time." [*Id.*]

Defendant seizes upon a detail that it contends defeats Plaintiffs claim. Specifically, Plaintiff alleges that she is merely the user of—not the subscriber to—the relevant telephone number. Plaintiff alleges that "[a]t all times relevant herein, Plaintiff [ ] maintained dominion and control over the [ ] number, which is her personal cellular telephone number provided through a Sprint family plan in her husband, Ryan Gesten's name, paid for from their shared assets." [*Id.* at 6.]

## III. Discussion

Defendant argues that Plaintiff lacks standing to sue under the TCPA for two reasons. First, Defendant cites 47 U.S.C. § 227(b)(1)(A)(iii) for the proposition that only a party charged for a call may sue. [*See* DE 14 at 5.] Second, Defendant relies on two cases, *Breslow v. Wells Fargo Bank, N.A.,* 755 F.3d 1265 (11th Cir.2014) and *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242 (11th Cir.2014), for the proposition that Plaintiff is not a "called party" within the meaning of the TCPA, and that Plaintiff lacks standing for this additional reason. [DE 14 at 4.] In making these arguments, Defendant looks to the text of TCPA § 227(b)(1)(A)(iii), which states as follows:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

[DE 14 at 3.] As set forth below, both of Defendant's arguments fail.

■ Defendant first argues that Plaintiff lacks standing to sue under the TCPA because Plaintiff has not alleged that she

**1.** Alternatively, Defendant's motion may be interpreted as a facial challenge to Plaintiff's "statutory standing"—that is, "whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress [her] injury." *Manno v. Healthcare Revenue Recovery Group, LLC,* 289 F.R.D. 674, 682 (S.D.Fla. 2013) (internal quotation marks omitted). Although some courts have analyzed such a motion under Rule 12(b)(1), others have held that such motions "are more appropriately analyzed under Rule 12(b)(6)," *see Page v. Regions Bank,* 917 F.Supp.2d 1214, 1216 (N.D.Ala.2012). Whichever the appropriate rule, the analysis and outcome are the same. *See McElmurray,* 501 F.3d at 1251.

was charged for the call. [DE 14 at 3, 5.] But Plaintiff need not make such an allegation. This Court has previously determined, in a well-researched and well-reasoned opinion by District Judge Robert N. Scola, that "the TCPA does not require the plaintiff to be 'charged for' the calls in order to have standing to sue." *Manno v. Healthcare Revenue Recovery Group, LLC,* 289 F.R.D. 674, 683 (S.D.Fla.2013). In reaching this conclusion, Judge Scola relied upon a Northern District of Alabama case, *Page v. Regions Bank,* 917 F.Supp.2d 1214 (N.D.Ala.2012), that conducted a thorough analysis of the TCPA's text. The *Page* court concluded that, under the "doctrine of the last antecedent," the phrase " 'for which the called party is charged for the call' modifies only 'any service' not the preceding phrases in the statute, making the phrase 'any services for which the called party is charged' a separate type of qualifying service." *Id.* at 1220. Accordingly, the TCPA covers calls to a cellular telephone service regardless of whether anyone is "charged for the call" within the meaning of TCPA § 227(b)(1)(A)(iii). *See also Osorio,* 746 F.3d at 1258 (holding that a TCPA plaintiff "is not required to prove that he was charged individually for each of the autodialed calls").

Similarly—and again relying on *Page*—Judge Scola dismissed Defendant's second argument that Plaintiff must qualify as a "called party" to have standing. "Standing is not expressly limited to the 'called party.' " *Manno,* 289 F.R.D. at 682. As the *Page* court observed, the TCPA "does not use the term 'called party' when defining who may assert a TCPA claim." 917 F.Supp.2d at 1217. "To the contrary, the TCPA grants a private right of action to any 'person or entity.' " *Id.* (citing 47 U.S.C. § 227(b)(3)). Instead, the TCPA uses the term "called party" when

setting forth "an exception to liability, stating that a person does not violate the TCPA if the call is 'made for emergency purposes or made with the prior express consent of the called party.' " *Id.* at 1216–17. The Motion does not take issue with Plaintiffs allegations concerning consent to the offending phone calls.

Neither *Breslow v. Wells Fargo Bank, N.A.* nor *Osorio v. State Farm Bank, F.S.B.*—both Eleventh Circuit cases decided after *Manno* and *Page*—cause the Court to question the above analysis. Both *Breslow* and *Osorio* concern the meaning of the term "called party" within TCPA § 227(b)(1)(A)(iii). *Breslow,* 755 F.3d at 1267; *Osorio,* 746 F.3d at 1250–51. As *Manno* and *Page* observe, Plaintiff need not be a "called party" to have standing. Moreover, the Court agrees with Plaintiff that Defendant takes a too-narrow view of *Osorio* and *Breslow.* While these cases held that a current telephone subscriber qualifies as a "called party" to the exclusion of a prior subscriber who had authorized the call, these cases did not address whether the term also covers a cell phone's current primary user.

## IV. Conclusion

For the foregoing reasons, it is **OR-DERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Complaint [DE 14] is **DENIED.**

2. Defendant shall file its answer to the Complaint on or before **December 29, 2014**