[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12644
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-24776-JLK

VALENTINA AZZIA,
STEFANO AGAZZI,
Individually and as Parents and Natural Guardians of A.A. and J.A., Minors,

Plaintiffs-Appellants,

versus

ROYAL CARIBBEAN CRUISES, LTD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 29, 2019)

Before WILSON, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

When a family of four took a cruise with Royal Caribbean Cruises, Ltd., one of their children nearly drowned while in the pool area on the ship. After the incident, the parents of the child sued Royal Caribbean for negligence and negligent infliction of emotional distress (NIED). Royal Caribbean moved for partial summary judgment on the NIED claim, which the district court granted. The parents now appeal.

## I. FACTUAL BACKGROUND

Appellants and their two children are citizens and residents of Italy. Royal Caribbean is incorporated in Liberia and has a principal place of business in Florida. In 2015, Appellants and their children took a cruise on a Royal Caribbean ship, the *Oasis of the Seas*. On the first day of the cruise, the family lost sight of A.A., their four-year-old child, in the children's pool area. The family then saw another passenger pull A.A.'s body from the pool and witnessed two other passengers begin resuscitation efforts. Fortunately, A.A. survived.

Appellants sued Royal Caribbean for (1) negligence on behalf of A.A., and (2) NIED on behalf of themselves and A.A.'s sibling. Appellants allege that, when A.A. nearly drowned, Royal Caribbean did not have lifeguards or crew members stationed in the children's pool area—even though other children had suffered similar incidents on Royal Caribbean ships.

Royal Caribbean moved for partial summary judgment on the NIED claim, arguing that A.A.'s family was not in the "zone of danger" at the time of A.A.'s incident.  The district court agreed and granted Royal Caribbean's motion.  Appellants now appeal.

## II. DISCUSSION

### A. Jurisdiction

We must raise concerns about our subject matter jurisdiction sua sponte.  *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304–05 (11th Cir. 2011) (per curiam).  We generally only have jurisdiction to review final orders, *see* 28 U.S.C. § 1291, or interlocutory orders "that are made appealable by statute or jurisprudential exception," *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1327, 1327 (11th Cir. 2000).  An order that disposes of fewer than all claims against all parties to an action is ordinarily not final or immediately appealable unless the district court certifies the order for immediate review under Federal Rule of Civil Procedure 54(b).  *See Supreme Fuels Trading FZE v. Sergeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (per curiam).

We also have jurisdiction to review interlocutory orders "determining the rights and liabilities of the parties to admiralty cases in which appeals from final

3

decrees are allowed." 28 U.S.C. § 1292(a)(3).[1]  To qualify for interlocutory appeal under section 1292(a)(3), a party must be seeking review of an order (1) disposing of an admiralty claim, or a claim integrally linked to an admiralty claim, or (2) making a complete determination of the appellant's liability to the appellee. *Beluga Holding, Ltd. v. Commerce Capital Corp.*, 212 F.3d 1199, 1203–04 (11th Cir. 2000).  Generally, this includes appeals from orders resolving an admiralty claim or dismissing a party.  *Sea Lane Bahamas Ltd. v. Europa Cruises Corp.*, 188 F.3d 1317, 1321 (11th Cir. 1999).

Here, the district court neither disposed of all claims in the case, nor entered a partial judgment under Rule 54(b).  Thus, we must determine if we have appellate jurisdiction under section 1292(a)(3), which would require that this appeal involve claims under admiralty jurisdiction.

Appellants originally asserted two bases of jurisdiction: (1) diversity jurisdiction under 28 U.S.C. § 1332, and (2) maritime and admiralty jurisdiction. Diversity jurisdiction does not exist because the Appellants are citizens and residents of Italy, and Royal Caribbean is incorporated solely in Liberia.  *See Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1364–65 (11th Cir. 2018) (holding that diversity jurisdiction does not exist between "a corporation incorporated solely

---

[1] A case that includes an admiralty or maritime claim within Rule 9(h) of the Rules of Civil Procedure is an admiralty case within 28 U.S.C. § 1292(a)(3).  Fed. R. Civ. P. 9(h)(2).

in a foreign state and another alien, regardless of the corporation's principal place of business").  Although Appellants failed to properly elect to proceed under maritime law, *see id.* at 1363, their claims fall within admiralty jurisdiction under 28 U.S.C. § 1333(1), because "[a] claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated," Fed. R. Civ. P. 9(h)(1); *see also Caron*, 910 F.3d at 1365 ("Personal-injury claims by cruise ship passengers, complaining of injuries suffered at sea, are within the admiralty jurisdiction of the district courts.").  Thus, the district court validly exercised admiralty jurisdiction over this case, and properly carried on all proceedings in light of the admiralty jurisdiction basis. *Caron*, 910 F.3d at 1365–66.

Because this case properly proceeded under admiralty law, we have jurisdiction under section 1292(a)(3) to review the district court's disposal of Appellants' NIED claim.  *See* Fed. R. Civ. P. 9(h)(1); *Beluga Holding, Ltd. v. Commerce Capital Corp.*, 212 F.3d 1199, 1203–04 (11th Cir. 2000).

### B. Negligent Infliction of Emotional Distress

We review de novo a district court's grant of summary judgment, applying the same legal standards as the district court.  *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1120 n.10 (11th Cir. 2011).  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  We view the evidence and resolve all inferences in the light most favorable to the nonmoving party.  *Williamson Oil Co. v. Philip Morris USA*, 346 F.3d 1287, 1298 (11th Cir. 2003).  We may not undertake credibility determinations or weigh the evidence when reviewing the record for summary judgment.  *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010).

The district court granted summary judgment for Royal Caribbean on Appellants' NIED claim, holding that the Appellants were not in the required "zone of danger."  Appellants argue that the "zone of danger" test should not apply in the context of general maritime law, but this Court has already recognized that "federal maritime law has adopted . . . the 'zone of danger' test which allows recovery if a plaintiff is 'placed in immediate risk of physical harm by [defendant's negligent] conduct.'"  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337–38 (11th Cir. 2012) (per curiam) (applying the "zone of danger" test).  We are bound by *Chaparro* under the prior panel precedent rule.  *See Breslow v. Wells Fargo Bank*, 755 F.3d 1265, 1267 (11th Cir. 2014) (per curiam).  The district court therefore properly used the "zone of danger" test.

The "zone of danger" extends to plaintiffs "who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct."  *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532,

6

547–48, 114 S. Ct. 2396, 2406 (1994).  Appellants have failed to support their NIED claim because they failed to show that they sustained physical impact or were placed in immediate risk of physical harm by Royal Caribbean's allegedly negligent conduct.  Accordingly, we affirm the district court's grant of summary judgment on this claim.

**AFFIRMED.**